D. N. McBETH AND R. W. BOLLEN RESPONDENTS, *v.*
HENRY VAN SICKLE, *et al.*, APPELLANTS.

PARTIES PLAINTIFF IN SUIT ON REPLEVIN BOND—DEMURRER FOR MISJOINDER. An
action on an undertaking given to the sheriff upon the return of property re-
plevied, (Practice Act, Sec. 104) should be brought in the name of the real
party in interest; and where the name of the sheriff was joined with his as
plaintiff: *Held*, that the complaint was clearly demurrable for misjoinder of
parties plaintiff.

SHERIFF NOT INTERESTED IN REPLEVIN BOND. Though Sec. 104 of the Practice
Act requires the undertaking given on return of property replevied to be de-
livered to the sheriff, the officer has no interest in it, and is not a proper party
plaintiff in a suit on it.

PERSONS WITHOUT INTEREST NOT TO BE PLAINTIFFS. While the Practice Act (Sec·
12) declares that all persons having an interest in the subject of an action,
and in obtaining the relief demanded, may be joined as plaintiffs, the converse
of the proposition is also true, that none can be united who have not such
interest.

APPEAL from the District Court of the Second Judicial District,
Douglas County.

The plaintiff McBeth having commenced a replevin suit in the
Second District Court against O. C. Wade for certain horses and
cattle, and the sheriff Bollen having taken them into his possession
under the replevin writ, the undertaking upon which this action was
based was given by the defendants, Henry Van Sickle and J. W.
Duncan, and the property replevied was thereupon delivered back
to Wade. McBeth having recovered judgment against Wade, and
no satisfaction thereof had, this action was commenced against the
defendants. The undertaking was in the sum of $2,050 gold coin,
a little more than twice the value of the property replevied.

*Clarke & Wells*, for Appellants.

Bollen has no interest in the matter. True, the undertaking sued
upon ran to him, but the judgment set out in the complaint was in
favor of McBeth only. Bollen was not damnified in any way.
Were he, alone or conjointly with McBeth, to recover, his recovery
would only be in trust for McBeth. Such actions as this must be
brought " in the name of the real party in interest." (Practice

McBeth *v.* Van Sickle.

Act, Sec. 4; 7 Cal. 551; 29 Cal. 194; 18 Cal. 126; 10 Cal. 347; 2 Nev. 139; 11 Ind. 369, 385; 10 Ind. 205, 226; 9 Ind. 391; 6 Ind. 309; 8 Blackford, 243.)

*Clayton & Davies*, for Respondents.

Although there was no necessity to join Bollen, the sheriff, as a party plaintiff, still the joining of him as party plaintiff did not vitiate the complaint, as he was the party to whom the defendants acknowledged themselves bound for the use and benefit of McBeth. It is no objection to the complaint that Bollen was, or was not, joined; the object of the law being in all cases to make an undertaking inure to and be used for the benefit of the real party in interest, for whose security it is given.

By the Court, LEWIS, C. J. :

This action is brought upon an undertaking given in accordance with Sec. 104 of the Practice Act, which makes it the duty of an officer who has taken property in replevin to return it to the defendant upon the delivery to him by the latter of an undertaking " executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property, in gold coin of the United States, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum, in gold coin of the United States, as may for any cause be recovered against the defendant." The instrument here sued on was delivered to Bollen, the sheriff, for the benefit of McBeth, who was the plaintiff in the action of replevin. The defendants demurred to the complaint, assigning as a ground a misjoinder of parties plaintiff. The District Court overruled the demurrer, and upon failure of the defendants to answer, rendered judgment for the plaintiff.

Nothing in the law is clearer than that the demurrer should have been sustained. Bollen, the sheriff, having no interest whatever in the undertaking, McBeth alone is the party interested as plaintiff in this proceeding. (*Curriac* v. *Packard*, 29 Cal. 199.) Why, then, should Bollen be united with him? The Practice Act declares that " all persons having an interest in the subject of the ac-

tion, and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this Act." The converse of this provision, that none can unite who have not such interest, is undoubtedly the law. Bollen and McBeth having no interest in common should not have been united as plaintiffs. The demurrer should, therefore, have been sustained.

The judgment of the District Court must be set aside, with permission given the plaintiff to amend.