HUDSON COUNTY CIRCUIT COURT.

THOMAS KEARNEY, VIRGINIA SMITH, FRANKLIN B. GREGORY, BY HIS FATHER AND NEXT OF KIN, AND JAMES GREGORY, IN HIS OWN RIGHT, PLAINTIFFS, v. JAMES BAPTIST, DEFENDANT.

For the plaintiffs, *Charles C. Colgan*.

For the defendant, *Green & Green*.

BROWN, J.   The plaintiffs Thomas Kearney and Virginia Smith, at the time of bringing their action were concededly residents of the city of Philadelphia, in the State of Pennsylvania.   The plaintiffs Franklin B. Gregory and James Gregory are concededly residents of Princeton, in the State of New Jersey.   The plaintiffs instituted suit in this court against the defendant to recover damages alleged to have been proximately caused by the negligence of the defendant in the operation of an automobile on August 2d, 1931, in Monmouth county, in this state.

Within due time the defendant, a resident of this state, served notice upon the non-resident plaintiffs that the defendant would require the non-resident plaintiffs to file a bond as security for costs invoking as authority for this demand sections 204 and 205 of the Practice act.   Section 204 of the Practice act (*Pamph. L.* 1903, *p.* 590) provides:

"If the plaintiff resides out of this state he shall, if required at any time before notice of trial, give bond to the

defendant in one hundred dollars, with sufficient sureties resident in this state, with conditions to prosecute his action with effect and to pay costs if he discontinue, be nonsuited or a judgment pass against him; which bond shall be filed in the clerk's office of the court in which such action is pending; or in lieu of such bond the plaintiff may deposit the sum named with the clerk as security to the defendant for costs."

Section 205 of the Practice act (*Pamph. L.* 1903, *p.* 591) provides:

"When a defendant is entitled to security for costs, he shall give notice to the plaintiff that he requires such security and thereupon all proceedings shall be stayed until such security is filed or deposit made, and the plaintiff upon filing such security or making such deposit, shall give notice thereof to the defendant with the names and residences of the sureties, after such notice the defendant shall have the same time to plead that he had at the service of the notice requiring security."

The non-resident plaintiffs contend that they are not obliged to furnish security for costs for the reason that some of the plaintiffs are residents of this state.

Before the enactment of the Practice act of 1903, the practice was quite settled that a complainant who is a non-resident would not be required to give security if he were joined with a resident complainant. *Jones* v. *Knauss*, 33 *N. J. Eq.* 188. The cases were quite uniform when this case was decided (1881) that where one of several parties plaintiff is a resident, security could not be demanded. This seems to have been the practice at common law. See the cases cited in *Jones* v. *Knauss, supra,* and 15 *C. J.* (at *p.* 193). The latter authority (page 195) holds:

"Except under some special statute or rule of court, it is very generally held that where there are several plaintiffs in an action, one of whom is a resident, the rule requiring security for costs for non-residents, does not apply."

In an early anonymous case, cited in 3 *N. J. L.* 447, it

was held that a rule would not be granted to stay proceedings until security for costs were offered when some of the plaintiffs were non-residents. This case was an action in ejectment. To the same effect is the case of *Den* v. *Boqua,* 10 *N. J. L.* 192, where it was held that the court would not order the plaintiffs to give security for costs upon the ground that one of the plaintiffs resided in this state. This case was also an action in ejectment.

In view of the foregoing authorities the question presented for decision is whether, under the Practice act of 1903, where non-resident plaintiffs, evidently for their own convenience, joined in a suit arising out of an automobile accident with resident plaintiffs, are required to furnish security for costs. There appears no reported decision in this state deciding this precise question. The statute requiring security for costs is remedial and in order to effect its object should be liberally construed.

The proposition to be settled is not what the practice was before the enactment of the Practice act of 1903, but how the practice has been effected by the enactment of that act. The intention expressed in section 204 of the Practice act of 1903 seems to be that if the plaintiff resides out of the state, he shall, if required at any time before notice of trial, give bond to the defendant in the sum of $100 with sufficient sureties resident in this state with condition to prosecute his action with effect and to pay costs if he discontinue, be nonsuited or a judgment passed against him. This means any non-resident plaintiff whether joined with resident plaintiffs, as in the instant case, or where they are the sole parties plaintiff.

The language of the statute warrants this construction, and it is a wholesome one, that a non-resident bringing a suit in the courts of our state should be required to give security. If a different construction is placed upon this statute, all a non-resident would have to do in order to avoid furnishing security for costs would be to join with him in his suit, a resident who might be impecunious and a condition may prevail where he might bring many suits encumber-

ing our calendars and in the event of defeat leave the defendant without even the inadequate compensation of the taxed costs.

The non-resident plaintiffs in this case could have brought separate actions against the defendant. Evidently for their own convenience or the convenience of themselves and the resident associates in suit, they included their claim in one and the same action. Notwithstanding this joinder of parties, each party sues under a distinct and separate count. A matter of convenience to the plaintiff litigants should not deprive the defendant of the safeguards granted to him by the statute. The court will sign an order requiring the non-resident plaintiffs to furnish costs as required by section 204 of the Practice act. *Pamph. L.* 1903, *p.* 590.