21 So.2d 676

**KENDRICK v. WARD et al.**

**6 Div. 279.**

Supreme Court of Alabama.

March 8, 1945.

Rehearing Denied April 12, 1945.

H. M. Powell, of Birmingham, for appellant.

Wm. E. James and James and James, all of Birmingham, for appellees.

STAKELY, Justice.

This is an appeal from a final decree of the equity court directing the sale of real

estate for division among joint owners or tenants in common. The case presents a question relating to security for costs under § 59, Title 11, Code of 1940, where the suit is commenced by a nonresident. The original bill was filed by Gladys Mae Ward (one of the appellees) against E. W. Kendrick (appellant). It alleges that complainant owns an undivided one-third interest in the property and respondent an undivided two-thirds interest.

On motion of respondent to require complainant to give security for costs because of the nonresidence of the complainant, the court on October 15, 1943, entered an order requiring the complainant to post security for costs within thirty days from date before proceeding further in the cause. On October 16th the respondent filed an answer. On November 13, 1943, the court entered an order allowing the complainant an additional time of five days from date in which to post security for costs.

On November 17, 1943, complainant amended her bill by adding Harold Cooper, as party complainant. The amended bill alleges that Harold Cooper is a bona fide resident of Jefferson County, Alabama. It further alleges that Gladys Mae Cooper Ward owns a remainder interest in an undivided one-third interest in the real estate and that Harold Cooper owns a life interest or curtesy interest in the same undivided one-third interest in the property.

On December 16, 1943, respondent demurred to the amended bill, in substance on the grounds that Harold Cooper was not a proper party complainant, that the parties were not joint owners or tenants in common and that the amendment was an attempt to render invalid and evade the decree of the court requiring security for costs. Thereafter, after notice to respondent on January 7, 1944, that the cause would be submitted on demurrer, the cause was ordered submitted on demurrer by the court. On February 8, 1944, the court entered an order overruling the demurrer and allowed twenty days for answer.

On March 2, 1944, on motion of complainant the court rendered a decree pro confesso. On May 25, 1944, the court ordered the cause submitted for final decree and on June 1, 1944, on the basis of the amended bill, the decree pro confesso and the testimony of Harold Cooper, the court rendered the final decree, referred to above, adjudging that Gladys Mae Ward owns a remainder interest in an undivided one-third interest, Harold Cooper a curtesy or life estate in the same interest, and E. W. Kendrick an undivided two-thirds interest in the property.

Thereafter on June 22, 1944, the respondent filed motion to set aside the final decree and the decree pro confesso, on the grounds in substance that (1) neither the respondent nor his counsel had notice of the overruling of the demurrer and the respondent had a meritorious defense, and (2) that complainant failed to post security for costs as required by the decree of the court and that all proceedings subsequent to November 18, 1943, including the decree pro confesso and final decree, are void and should be stricken from the record.

■ The trial court directed the respondent to give security for costs within five days from November 13, 1943. However, when this was not done, the cause did not stand dismissed. It was necessary for the respondent to follow with a motion to dismiss for failure to comply with the order of the court. Consumers' Roofing Co. v. Littlejohn, 228 Ala. 59, 152 So. 31; Davis v. Harris, 211 Ala. 679, 101 So. 458; § 59, Title 11, Code of 1940. The respondent not only did not make the motion, but without objection allowed the cause to be submitted for decree on demurrers to the bill, as amended. It is true that one of the grounds of demurrer pointed out that the attempt to add Harold Cooper as a party complainant was an effort to evade the order of the court, but this was not an appropriate ground for demurrer and did not take the place of the motion. It did not challenge the truth of the allegation as to the residence of Harold Cooper.

■ While the complainant did not post security for costs, she took what became an equally effective course. Within the time allowed for giving security for costs, she amended her bill so as to add as party complainant, not only a proper party, but one residing in this state. In the absence of challenge, we presume in the matter of costs the truth of the allegation of residence. Gladys Mae Ward, as remainderman, and Harold Cooper, as life tenant, of an undivided one-third interest, had the right to maintain the action against E. W. Kendrick, as owner of the undivided two-thirds interest. Bra-

ley v. Spragins, 221 Ala. 150, 128 So. 149. The procedure was proper in order to pass to the purchaser the entire title. Thompson v. Heiter, 240 Ala. 347, 199 So. 239. Furthermore since Harold Cooper, one of the complainants, is a resident of the state, security for costs under the statute is not required. Taylor et al. v. Morton et al., 227 Ala. 690, 151 So. 853; Eudora Mining & Development Co. et al. v. Barclay et al., 122 Ala. 506, 26 So. 113. The fact that Harold Cooper was added as a party complainant does not change the situation. "Where resident plaintiff is added, a defendant is not afterward entitled to security from original plaintiff, a nonresident." 20 C.J.S., Costs, § 128, p. 372. There was no error in proceeding to final decree without the security for costs.

The remaining assignments of error are based on the refusal of the court to grant the motion to set aside the decree pro confesso and the final decree based thereon. These matters are within the sound discretion of the court and unless abused are not revisable on appeal. Liverpool & London & Globe Ins. Co. v. Lowe et al., 208 Ala. 12, 93 So. 765; Sparks v. J. S. Reeves & Co. et al., 165 Ala. 352, 51 So. 574. We find no error. The decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

## On Rehearing.

STAKELY, Justice.

It is urged on application for a rehearing that our original opinion does not sufficiently take into consideration the fact that there was on file in the cause an answer to the original bill. It is further urged that such answer shows a meritorious defense of which the respondent should not be deprived. Accordingly it is insisted that the motion to set aside the decree pro confesso and decree of sale should have been granted.

We are frank to say that in dealing with the court's ruling on the motion, we considered matters other than the point now urged. No authorities on this point were cited on the original hearing. In fact we are in doubt that the point was pressed in appellant's original brief. Thompson v. Strong, Bagley and Bagley, 199 Ala. 23, 74 So. 34. However, we resolve the doubt in favor of appellant.

Equity Rule 34, Code 1940, Title 7, Appendix, p. 1079, provides in part as follows: " * * * nor shall a decree pro confesso for want of an answer to an amendment or an amended bill operate as a decree pro confesso on the original or any other bill already answered." This part of Equity Rule 34 was contained in Chancery Rule 46, as it appeared in the Code of 1923. See Tennessee Valley Bank v. Clopton, 219 Ala. 181, 121 So. 548, and Ex parte Waldrop, 228 Ala. 38, 152 So. 44, now cited by appellant.

It is quite clear that appellant cannot be deprived of his answer to the original bill so far as it alleges meritorious defensive matter to the bill as amended. But an examination of the answer shows that at best it alleges a claim by respondent for permanent improvements and for taxes paid by respondent. These are matters which can be determined after the sale of the property. Bean et al. v. Northcutt et al., 240 Ala. 289, 199 So. 7. It may be that the court had these matters in mind when it provided in its decree that "all other questions are reserved." In order, however, that there may be no misunderstanding, the decree is modified to provide that the proceeds of the sale shall not be disbursed until these alleged claims can be determined.

As so modified the decree of the lower court is affirmed and the application for rehearing is overruled.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.