ERNEST C. FOURCHIER, BERT MILLER, C. WALLACE HILDY, CHARLES E. GAUTHEY, B. W. FOOTE, VINCENT J. NINTEMAN, LAMBERT J. NINTEMAN, RAY M. LAW, FORREST E. KIMBALL, WM. S. HUTHISON, EDWARD W. VICE, C. G. MILLHOUSE, CARSTEN BENTRUD, TOM W. ROLOFSON, JR., JERRY A. REEVE, RUSSELL H. ROEMISCH, F. R. UMSTED, H. C. UMSTED, JOHN E. KELLEY, E. F. HEILMANN, HERMAN DE YOUNG, ROY WRIGHT, EARL B. LONG, F. L. HERMAN, L. R. KEATON, JOHN J. SADLER, ERNEST A. HILBERG, MARSHALL R. MILLER, KENNETH F. WATTS, RAYMOND E. CASE, E. E. FOERSTER, FRED NICHOLSON, ROBERT E. BALL, PAUL BAILEY, C. F. LEONARD, WM. J. GILES, A. E. RADFORD, M. J. COLLINS, C. H. WHITLEY AND JAMES L. GILES, PLAINTIFFS AND APPELLANTS, *v.* McNEIL CONSTRUCTION CO., A CALIFORNIA CORPORATION, RECONSTRUCTION FINANCE CORPORATION, BASIC MAGNESIUM COMPANY LTD., A NEVADA CORPORATION, BLACK AND WHITE, A CORPORATION, RED & WHITE, A CORPORATION, DOES, ONE TO TWENTY, INCLUSIVE, DEFENDANTS AND RESPONDENTS.

No. 3609

February 8, 1951.                    227 P.2d 429.

*Ralli & Rudiak*, of Las Vegas, *Entenza & Gramer*, of Beverly Hills, Calif., and *Vincent J. Blumberg*, of Los Angeles, Calif. (*Marvin Wellins* and *Sidney R. Troxell*, of Los Angeles, Calif., of counsel), for Appellants.

*Lewis, Hawkins & Cannon*, of Las Vegas, *Bodkin, Breslin & Luddy* and *Leonard S. Janofsky*, of Los Angeles, Calif., for Respondent McNeil Const. Co.

*Thatcher, Woodburn & Forman*, of Reno, for Respondent Basic Magnesium Inc.

## OPINION

By the Court, BADT, C. J.:

The district court sustained motions of the defendants to dismiss the amended complaint as to 39 nonresident plaintiffs for their failure to comply with defendants' demands for security for costs. The propriety of such action is attacked in this appeal by the 39 nonresident plaintiffs. The fortieth and only additional plaintiff is a resident of Nevada and as to him the action was not dismissed.

Appellants contend (1) that by reason of the residence within the state of one plaintiff no cost bond could be required of the 39 nonresident plaintiffs; (2) that even though bond might be required, the one $300 cash bond posted in response to the demand was sufficient; (3) that it was an abuse of discretion for the district court to dismiss the action as to the 39 nonresident plaintiffs without giving them opportunity to file such bond as the court might require in the premises; and (4) that in any event the defendants had never made a specific and clear demand for a $300 cost bond from each nonresident plaintiff.

Plaintiffs filed their original complaint June 30, 1947 and summons was duly issued and served. Defendant

Basic Magnesium Incorporated, a Nevada corporation, which we shall refer to as Basic, appeared by demurrer and at the same time served its demand for security for costs. McNeil Construction Company, a California corporation, which we shall refer to as McNeil, also demanded security for costs and demurred. Within 30 days after the demand, the plaintiffs posted a cash bond for costs in the sum of $300.

On June 24, 1949, approximately two years after the filing of the original complaint, plaintiffs filed a first amended complaint containing substantially all of the allegations of the original complaint, with its three pleaded causes of action for each of the 40 plaintiffs, and added three additional and separate causes of action on behalf of each plaintiff, thus alleging a total of 240 separate causes of action, being six causes of action on behalf of each plaintiff. The prayer of the amended complaint is for judgment as described in the 41 numbered paragraphs of such prayer. Each of the first 40 paragraphs prays for judgment against the defendants in a specific sum in favor of each separate plaintiff, together with interest and together with punitive damages in a sum equal to the principal demand. These 40 separate demands for judgment range from the lowest in the sum of $2,127.60 to the highest in the sum of $11,026.32, and aggregate, without interest, costs or punitive damages, over $220,000. Paragraph 41 of the prayer is divided into subparagraphs (a) to (i), inclusive, constituting nine separate items. These seek a declaration and determination as to the rights of each plaintiff with respect to the defendants by reason of the terms of an agreement dated September 3, 1941 between McNeil and Basic, to the effect that each of the plaintiffs was an express beneficiary of said contract and as such was entitled to receive compensation at one and one-half times the basic rate for all overtime served in excess of eight hours a day, and compensation at the basic rate of pay for all hours worked, including eight

hours per day of any day including Saturdays and Sundays; (b) that the defendants are jointly and severally liable for these items; (c) that under such contract Basic is liable as an undisclosed principal; (d) that McNeil is liable as an undisclosed agent; (g) that the 40 hour week should be used in computing the basic rate; (h) that each plaintiff has worked the number of hours as claimed by him. Other paragraphs of the prayer are largely explanatory or repetitive. The prayer also asks for an accounting, costs and further relief. The amended complaint contains 160 typewritten pages, besides 20 pages of exhibits.

Taking the causes of action pleaded on behalf of the first-named plaintiff as an example, we find in his first cause of action four paragraphs pleading matters of inducement. The fourth reads as follows: "That the plaintiffs herein are joined in this action for the reason that they have, respectively, causes of action which are similar and which arise out of transactions connected with the same subject of action, to wit, work and labor performed upon the same project, and which involve questions of law and fact common to all of the plaintiffs and to their respective causes of action; that the joinder of plaintiffs' causes of action herein will also avoid a multiplicity of suits." It is then alleged that within four years last past such plaintiff performed work and labor for the defendants at their special instance and request, for which they agreed to pay a specified sum per week for a 44-hour week, plus time and a half for overtime; that plaintiff performed 1,376 hours of overtime labor by reason whereof the defendants became indebted to him in the sum of $6,777.12, no part of which has been paid, though demanded. The second cause of action of such plaintiff alleges an indebtedness for the reasonable value of services in said sum. The third cause of action of such plaintiff alleges that within six years last past he entered into a written contract of employment with defendants at a specified rate per

week for a 44-hour week, plus a reasonable value for overtime, and that he performed 1,376 hours of overtime of the reasonable value of said sum of $6,777.12. His fourth, fifth and sixth causes of action allege his employment as a general foreman and superintendent under an oral contract with McNeil made on or about December 16, 1941; that on September 3, 1941 McNeil and Basic entered into a written contract for the express benefit of the plaintiff, which contract is annexed as an exhibit; that under such contract McNeil was to permit no laborer or mechanic to work over eight hours a day, except for compensation at not less than time and a half for overtime and should pay straight-time compensation for all hours worked to and including eight hours a day; that upon completion of construction Basic would assume and become liable for all obligations of McNeil under the contract, including labor; that such contract has been fully performed except for the payment of the money due plaintiff; that by reason of such provisions in the contract there is due plaintiff $9,913.20—his basic rate being $3.38 per hour for part of the term and $3.75 per hour for the remainder; that plaintiff was not informed of said contract between Basic and McNeil until August 26, 1948 and that until such date McNeil "fraudulently concealed from plaintiff, with intent to deprive him of his rights thereunder, all information concerning said contract." Such plaintiff demands judgment for $9,913.20, being $5,979.60 overtime, plus $3,933.60 straight time.

This is typical of the six causes of action pleaded on the part of each of the 40 plaintiffs. Defendants demurred separately upon the grounds, among others, of misjoinder of parties plaintiff and misjoinder of causes of action, such grounds of demurrer being specifically permitted under our practice act. The court order granting the motion to dismiss as to the 39 nonresident plaintiffs was made before argument or submission of either of the demurrers, and the points thus raised in

the demurrers were never submitted to or passed upon by the district court.

The demand for security for costs was made under sec. 8936 N.C.L., as amended, Stats.1939, chap. 26, p. 20, reading as follows: "When a plaintiff in an action resides out of the state, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint. When so required, all proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of three hundred dollars; or in lieu of said undertaking, the plaintiff may deposit three hundred dollars, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking. A new or an additional undertaking may be ordered by the court or judge upon proof that the original undertaking is insufficient security, and proceedings in the action stayed until such new or additional undertaking be executed and filed."

The dismissal was ordered, on motions in which both defendants joined, under sec. 8938 N.C.L., reading as follows: "After the lapse of thirty days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed."

(1) We first consider the fourth point raised by appellants, namely, that defendants had never made a specific and clear demand for a $300 cost bond from each plaintiff. The demand is directed to each of the plaintiffs and "demands and requires security on the part of each

plaintiff above named for the costs and charges which may be awarded against each of said plaintiffs in this action in accordance with the statute in such cases made and provided on the ground that each of said plaintiffs is a nonresident of this state." This is clear and specific, and we find the point to be without merit.

(2) We consider appellants' points (1) and (2) together, namely, the contentions, first, that no cost bond may be required of nonresident plaintiffs when they are joined with one or more resident plaintiffs, and, second, that, even though such bond may be required, the supplying of one cost bond only is sufficient. Appellants rely upon the general rule stated in 20 C.J.S., costs, sec. 128, (3), page 371, which there reads: "Except under some special statute or rule of court, it is very generally held that, where there are several plaintiffs in the action, one of whom is a resident, the rule requiring security for costs from nonresidents does not apply. The general rule prevails, it seems, notwithstanding the resident plaintiff is an insolvent person * * *." Appellants also rely upon Kendrick v. Ward, 246 Ala. 550, 21 So.2d 676, 158 A.L.R. 734, which applied the general rule so stated in a case in which a nonresident plaintiff, after demand on her for security for costs, amended her bill by adding a resident plaintiff who was a proper party plaintiff in the action. They refer particularly to the annotation at page 737 following the report of the case in 158 A.L.R. The annotator there states: "A decided preponderance of the authority on the point indicates that where several persons join in an action and some, or even one, are residents of the jurisdiction in which the suit is brought, the opposite party or parties cannot require the giving of security for costs either from the non-residents separately or from all the coparties as a group." In support of this statement cases are cited from many states. Id. nn. 4 and 5. Respondents refuse to accept the annotator's statement or the rule as recited

in C.J.S. or as found in the various cases cited in support of the A.L.R. annotation, by the statement that our statute above quoted clearly demands a different construction. In many of the cases, however, the statute involved is virtually identical with our own, and upon those authorities we accept the general rule of law as thus enunciated. The rule however, is not unqualified.

Respondents point out the following statement in the A.L.R. annotation: "A qualification of the general rule is sometimes permitted where several plaintiffs allege separate and independent causes of action. * * *" It is true that but one case is cited in support of this "qualification," but it is so peculiarly in point with regard to the instant case and is so well reasoned that we are constrained to be guided by it. The case referred to is Akely v. Kinnicutt, 208 App.Div. 491, 203 N.Y.S. 745. There the action was brought by 193 plaintiffs of whom at least 34 were nonresidents. The New York statute included in its own terms virtually the effect of the general rule we have quoted above. It read: "In a case specified in this section, if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs." The court there pointed out that the pleadings showed that no cause of action was stated on behalf of more than one of the plaintiffs, as each plaintiff prayed for an independent money judgment in which no other plaintiff would have any interest. It construed the statute as meaning that where several plaintiffs join in prosecuting a single cause of action and one is a resident, no security for costs may be required, but where several plaintiffs owning independent causes of action join in prosecuting a single suit, under special statutory provisions permitting such joinder, each cause of action constitutes a separate "case," within the meaning of the statute above quoted and that security for costs might accordingly be demanded from each nonresident plaintiff.

We have above quoted in full the allegations of paragraph IV of the first plaintiffs' first cause of action alleging that the plaintiffs join in the action because they have *respective* causes of action which are similar and which arise out of transactions connected with the same subject, namely, labor performed upon the same project, and which involve questions of law and fact common to all of the plaintiffs and to their *respective* causes of action and that such joinder will also *avoid a multiplicity of suits*. Respondents insist that there is a misjoinder of plaintiffs and a misjoinder of causes of action. Appellants contend that the plaintiffs have been properly joined and that the causes of action have likewise been properly joined, but they say that the question of misjoinder of plaintiffs or causes of action is not before us; that the demurrer raising these grounds was never submitted to or passed upon by the district court and that the authority of this court to pass on such point grows out of its appellate jurisdiction only.

With such latter contention we are in agreement. We are not called upon here to rule upon a demurrer that was never ruled upon by the district court. It is not for us to say, in any exercise of original jurisdiction, that there has or has not been a misjoinder of parties plaintiff or of causes of action, nor is it necessary for us to do so to dispose of the present matter. It is clear, however, from our brief analysis of the amended complaint, that we do have 40 separate plaintiffs, each owning, as alleged by the plaintiffs themselves, his own separate respective cause of action. Each one asserts a separate contract of employment. Each asserts his performance of a certain number of hours of labor in his particular capacity as superintendent, foreman, carpenter foreman, carpenter, etc. Each alleges the reasonable value of his services. It is self-evident that to such extent at least each separate cause of action will be subject to support by its own separate proof and against which a separate defense would be required on the part of the defendants.

Defenses of denial of the employment, denial of the hours worked, denial of the reasonable value of the services, denial of the promise to pay, of payment in full, of partial payment, etc., might respectively be asserted as against one or more of the individual plaintiffs. Defendants, in preparation for suit, might well deem it advisable to take the separate depositions of the separate plaintiffs residing in different places outside of the State of Nevada. Any judgment rendered might award relief to some plaintiffs while denying it to others.

We consider the situation as lying precisely within the rule of Akely v. Kinnicutt, supra, and as a necessary and justifiable qualification of the general rule. In Kearney v. Baptist, 159 A. 405, 406, 10 N.J. Misc. 431, it was said:

"The statute requiring security for costs is remedial, and in order to effect its object should be liberally construed. * * *

"The nonresident plaintiffs in this case could have brought separate actions against the defendant. Evidently for their own convenience or the convenience of themselves and the resident associates in suit they included their claim in one and the same action. Notwithstanding this joinder of parties, each party sues under a distinct and separate count. A matter of convenience to the plaintiff litigants should not deprive the defendant of the safeguards granted to him by the statute."

Appellants attempt to distinguish Akely v. Kinnicutt, but the distinctions asserted by them are not sufficient to alter the conclusion to which we have come. Our reasons above recited likewise move us to reject the contention that even if security for costs was properly required by the district court, the single cash bond filed was sufficient; or to hold that, in any event, such rule is subject to the same qualification.[1]

---

[1]Later New York cases confuse but do not change the effect of Akely v. Kinnicutt. In Salimoff & Co. v. Standard Oil Co., 259 N.Y. 219, 181 N.E. 457, the court states that the lower court's order

(3) Holding then that the trial court was correct in its conclusion that security for costs was required on the part of each plaintiff, was its action proper in dismissing the action without giving the plaintiffs an opportunity to furnish security in accordance with the conclusion that security was required? Some difficulty attends our consideration of this question by reason of the condition of the record. Respondents refer to an oral opinion of the district court when ruling upon the motion. Appellants say in their brief that when the court announced its view that each plaintiff should have filed a $300 cost bond or that a single bond aggregating $300 multiplied by the number of nonresident plaintiffs should have been filed within 30 days after demand, plaintiffs moved for leave to file an adequate bond "at this time" in

requiring 18 cost bonds of the 18 nonresident defendants was made under the authority of the Akely case. Nowhere in the opinion in the Salimoff case is the propriety of the Akely case questioned, but the court reversed the order on the ground that the plaintiffs had been properly joined under the New York statute because their claims involved a common question of law and fact, and because they had a joint interest growing out of the confiscation by the Russian government of their oil lands in Russia and the obliteration of all distinguishing lines and the commingling of all the extracted oil thereafter purchased by the defendant with knowledge of the wrongful taking. Any proof of individual damage of the separate plaintiffs was held to be largely incidental to the main establishment of the joint cause of action. The Nevada statute does not permit joinder of plaintiffs by reason of the existence of a common question of law or fact. N.C.L., sec. 8595; Hartford Min. Co. v. Home L. & C. Co., 61 Nev. 1, 107 P.2d 128, 114 P.2d 1091; N.C.L., sec. 8555, McBeth v. Van Sickle, 6 Nev. 134. Antonietti v. Pearson, 153 Misc. 803, 276 N.Y.S. 52, 54, an opinion by the city court of New York, Bronx County, said: "The Salimoff Case seems to me to directly overrule Akely v. Kinnicutt * * * on the question of costs." But no other case has said this and we do not so consider it.

Bote v. City Bank Farmers Trust Co., city court, 61 N.Y.S.2d 280, held the Akely case not applicable because in the Bote case the plaintiffs were joined under the express provisions of the fair labor standards act, 29 U.S.C.A., sec. 201, et seq. The opinion also pointed out that under the statute the New York supreme court practice was entirely different from the New York city court practice.

In Hull v. Shannon, 139 Misc. 564, 249 N.Y.S. 33, separate cost

such amount as might be fixed and determined by the court, but that the court not only refused to permit such motion to be made but refused to permit note thereof to be made in the minutes. Neither of such statements by counsel finds justification anywhere in the record. As to the court's asserted "oral opinion" we find only the clerk's recital of the minute order that the court "ordered that the motion to dismiss be and the same is granted with respect to all plaintiffs except C. J. Leonard [the resident plaintiff]," and nothing there appearing supports appellants' assertion that they sought leave to file a new bond. Nor is there any explanation in the record of the situation whereunder two years elapsed after the filing and service of the original complaint and the demand for security for costs before the plaintiffs filed their amended complaint. At one place in the record there appears an affidavit in support of McNeil's

bills were not required, but Akely v. Kinnicutt was recognized as requiring the same when the plaintiffs had joined in one action their separate and distinct causes as permitted under sec. 209 of the civil practice act.

Dilworth v. Yellow Taxi Corporation, 127 Misc. 543, 216 N.Y.S. 513, approved the joinder of several causes of action by several plaintiffs although the aggregate exceeded the $1,000 jurisdictional limitation of the court and cited the Akely case to the effect that the several causes of action were not merged into one cause of action but that the consolidation was permitted under the statute in order to lessen the delay and expense but without depriving either the plaintiffs or the defendants of the rights or privileges which each would have if separate actions had been brought. The question of costs was not involved in the case nor in the appeal thereof reported in 144 N.E. 682.

The U. S. district court for the southern district of New York, by Hon. Learned Hand, district judge, in Brown v. Kinnicutt, 2 F.2d 263, held that under the same section of the New York code the nonresident plaintiffs could not be compelled to furnish separate bonds for costs, because of the provisions of the United States revised statutes, but conceded that under Akely v. Kinnicutt the rule was otherwise in the state court. These later cases serve only to confirm the conclusion we have reached. Nor is that conclusion changed by the insistence of appellants that the declaratory judgment and the construction of the contract as sought by each plaintiff in the fifth and sixth causes of action pleaded by each plaintiff constitutes such joint action as to except them from this rule. As a matter of law a similar situation existed in the Akely case.

motion to dismiss as to it, stating that the same causes of action against the same defendants by the same plaintiffs similarly joining had been submitted to the district court of the United States for the district of Nevada and that upon sundry grounds the motion to dismiss with regard to McNeil had been granted. A copy of the decision of Hon. Roger T. Foley, judge of said United States district court, is attached to such affidavit. We may note that the bill of exceptions, in which these proceedings appear, was settled by Hon. Frank McNamee, judge of the district court, and that no attack appears to be made upon the inclusion of such papers in the record.

We mention these matters for the purpose of indicating the difficulty presented to this court in determining whether or not there had been a proper exercise of the district court's discretion in dismissing the action rather than giving the plaintiffs an opportunity to provide security for costs. It is true that other than from the situation as presented, there is no affirmative showing of an abuse of discretion. On the other hand, there is no affirmative showing of any reason why the district judge exercised his discretion to the extent of dismissing the action as against the nonresident plaintiffs. The record does definitely show that the nonresident plaintiffs apparently filed their $300 cash cost bond, in time, under advice of counsel who felt in good faith at the time that this was all that was required under their view of the authorities, and they did not know until the announcement of the court's order that it would take the view that this was insufficient and that they would be given no opportunity to correct such insufficiency by the posting of additional security.

That the statute authorizes the district court to exercise its discretion in the matter, we think is clear. There is no occasion for us to construe the discretionary "may" as having the meaning of the mandatory "must" or "shall." In Carter v. Superior Court of Kern County, 176 Cal. 752, 169 P. 667, 669, in construing an identical

statute of the State of California, it was said: "Section 1037, Code of Civil Procedure, the section relative to dismissal, simply provides that:

" 'After the lapse of thirty days from the service of notice that security is required, [or of an order for new or additional security] upon proof thereof and that no undertaking as required has been filed, the court or judge *may* order the action * * * to be dismissed.'

"In the connection in which it is used, there is no reasonable ground for reading the word 'may' as 'must'."

So drastic is the result of the court's action in entering its order of dismissal (counsel for plaintiffs stated in oral argument that the statute of limitations will have run against the commencement of new actions), and so lacking do we find the record in the matter of supplying reasons for such action that we cannot do otherwise than feel that, under the circumstances disclosed by the record, the court should have exercised its discretion by giving plaintiffs an opportunity to provide security for costs.

It is hereby ordered that the judgment dismissing the action as to the nonresident plaintiffs be, and the same hereby is, reversed, and that the cause be, and the same hereby is, remanded to the district court with instructions to make and enter its order, with due provision for the service thereof on counsel for the said plaintiffs below, allowing each of said nonresident plaintiffs a reasonable time, to be fixed by said court, within which to furnish security for costs, either by separate undertakings in the amount of $300 for each such nonresident plaintiff, or joint and several undertakings in a sum aggregating $300 multiplied by the number of nonresident plaintiffs, securing the costs of defendants as against each nonresident plaintiff, in default of compliance with which said order the court may thereafter dismiss the complaint of each or all of the said nonresident plaintiffs failing to comply with the terms thereof.

It is further ordered that as to those nonresident

plaintiffs complying with such order, the court shall have full authority to dispose of all questions of law and fact in the premises, including the issues raised by the said demurrers, and including all matters of additional and amended pleadings of the respective parties.

It is further ordered that the foregoing orders are without prejudice to the statutory right of the said non-resident plaintiffs, or any of them, to deposit lawful money with the clerk of the court subject to the same condition as required for the undertaking as provided in sec. 8936 N.C.L., as amended, and without prejudice to the defendants, or either of them, to require the sureties on any undertakings so filed, to justify upon notice. Appellants are allowed their costs in this court.

EATHER, J., concurs.

HORSEY, formerly C. J., did not participate, his term of office having heretofore expired.

MERRILL, J., did not participate, having become a member of the court after said matter was argued and submitted.