BORDERS ELECTRONIC CO., INC., HARRIET GREEN-
FIELD, MARY TENDRICH, ARTHUR ROSS AND
WILLIAM ZIMINISKI, APPELLANTS, *v.* JOHN QUIRK,
RESPONDENT.

No. 12539

April 10, 1981                              626 P.2d 266

*John G. Spann,* Las Vegas, for Appellants.

*Foley Brothers,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On August 29, 1979, appellant Borders Electronic Co.,
Inc., a foreign corporation, and the four above-named individ-
ual nonresident appellants filed a complaint against respondent
John Quirk. Thereafter, appellants filed a substantially similar
amended complaint. On November 9, 1979, respondent served

notice upon each nonresident appellant that surety for costs would be required pursuant to NRS 18.130.[1]

On December 18, 1979, 39 days after service upon appellants, respondent moved to dismiss the complaint for failure to file the cost bond. Appellants made an untimely filing of a cost bond on December 28, 1979, but did not seek leave of court to file late. After a hearing on respondent's motion, the district court dismissed appellants' complaint with prejudice. This appeal followed.

NRS 18.130(1) allows a defendant to require a nonresident plaintiff to file security for costs. NRS 18.130(4) sets a time limit for filing a cost bond:

> After the lapse of 30 days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge *may* order the action to be dismissed. (Emphasis added.)

Thus, whether to dismiss a complaint for untimely filing of the undertaking is a discretionary determination to be made by the trial judge. *See* Fourchier v. McNeil Const. Co., 68 Nev. 109, 227 P.2d 429 (1951). Citing *Fourchier,* appellants contend that the harsh sanction of dismissal with prejudice amounts to an abuse of discretion in this case.

In *Fourchier,* a complaint was filed by 40 plaintiffs, one of whom was a Nevada resident. The general rule is that no cost bond may be required if at least one plaintiff is a resident. Assuming incorrectly that this rule applied, the 39 nonresident plaintiffs believed that no cost bond could be required or, in the alternative, that one cost bond would be sufficient for all of them. The nonresident plaintiffs timely filed one cost bond. However, since each plaintiff had a separate and distinct cause of action, they each should have filed a cost bond. Without giving the nonresident plaintiffs an opportunity to correct their good faith error, the district court dismissed the complaint as to all but the one resident plaintiff. On appeal, this court held that the dismissal constituted an abuse of discretion.

---

[1] NRS 18.130(1) provides in pertinent part:

"When a plaintiff in an action resides out of the state, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint."

The instant case lacks the compelling facts of *Fourchier.* Here, there was no good faith misunderstanding. Rather, appellants simply neglected to comply with the 30-day time limit. The only excuse offered for the 19-day delay in filing security for costs was that due to the press of other business their New York attorney was unable to contact them sooner. Appellants never sought an extension of time within which to file the cost bond, either before or after the 30-day limit passed. Under these circumstances, we cannot say that the district court abused its discretion in dismissing the complaint with prejudice.

Affirmed.