LARRY BRION AND BARBARA BRION, APPELLANTS, *v.* UNION PLAZA CORPORATION, DBA UNION PLAZA HOTEL AND CASINO, AND SIERRA ELEVATOR COMPANY, RESPONDENTS.

No. 18302

October 24, 1988                                        763 P.2d 64

*John E. Kelly* and *John E. Stone,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Respondent Union Plaza.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court, dismissing appellants' lawsuit. For the reasons expressed in this opinion, we affirm the decision as to respondent Union Plaza Corporation (Union Plaza), but reverse as to the second respondent, Sierra Elevator Company.

Larry and Barbara Brion filed their suit against Union Plaza and Sierra Elevator Company to recover damages for injuries sustained in an elevator accident at the Union Plaza Hotel and Casino on January 19, 1985. Union Plaza was served with a summons and complaint on January 20, 1987, and responded by making a demand for a nonresident cost bond on February 6, 1987. NRS 18.130. Appellants did not post the required bond until April 15, 1987, 68 days after the demand was made.

NRS 18.130(4) provides that the court may dismiss the action if the cost bond is not posted within 30 days from the date of the demand. We have held that if such a dismissal is granted, the decision will not be overturned absent an abuse of the court's discretion. Borders Electronic Co. v. Quirk, 97 Nev. 205, 626 P.2d 266 (1981). Appellants did not request an extension of time to post the bond. Union Plaza's motion to dismiss was unopposed, and appellants failed to advise the district court that the bond had been posted before the grant of the dismissal was entered. Appellants did not misunderstand the bond requirement; they simply failed to file it within 30 days. This lapse does not suffice to justify a reversal of the district court's decision. *Id.* at 207, 626 P.2d at 267.

The order entered by the district court is ambiguous because it does not specifically dismiss appellant's case against Sierra Elevator Company. We note, however, that Union Plaza's motion requested that the suit be dismissed in its entirety. The same request was made during oral argument to this court.

In our opinion, such a result would be unfair to the appellants and would grant an unwarranted benefit to Sierra Elevator Company. The requirement of a cost bond is a statutory right which must be properly invoked by each defendant. Dismissal of one defendant on this ground does not affect the action against other defendants who have not even joined in the demand. *See* Fuller v. State of California, 1 Cal.App.3d 664 (1969); Taylor v. Powell, 200 Cal.App.2d 780 (1962). Furthermore, we have required that a bond be posted by each plaintiff when a demand is made. Fourchier v. McNeil Const. Co., 68 Nev. 109, 227 P.2d 429 (1951). Fairness requires that each defendant protect its own rights by invoking the bond requirement.

Sierra Elevator Company did not answer the complaint, did not appear in district court, and suffered a default judgment to be entered against it. After the appeal was filed, this court ordered that Sierra Elevator Company be joined as a respondent, and further ordered that copies of the briefs should be served upon it. This was done; however, Sierra Elevator failed to respond and did not appear at oral argument. We regard their absence as a confession of error, and therefore affirm the default judgment.

We affirm that part of the district court's order which dismissed the action against respondent Union Plaza. The case is hereby remanded for entry of default against respondent Sierra Elevator Company.