112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Esther K. CHOW, Plaintiff-Appellant,
v.
CLARK COUNTY SHERIFF'S DEPARTMENT, CIVIL BUREAU; Jerry
Keller, Sheriff; Steve Gibson, Deputy Sheriff; Bernie P.
Raymond, Deputy Sheriff; Ms. Brenda, Sheriff's Clerk;
Callister & Reynolds, Law Firm; Ronald H. Reynolds,
Attorney; Michael J. Harker, Attorney; Lionel, Sawyer &
Collins, Law Firm; Grant Sawyer; Anthony N. Cabot;
Stephen R. Hackett; Bob Maskiman; Desert Palace, Inc., dba
Caesars Palace; Marc Rubenstein; Larry E. Gaddis;
Defendants-Appellees.
 No. 96-16645.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esther K. Chow appeals pro se the district court's order that dismissed her complaint, in her diversity action, for failing to post security costs pursuant to Nev.Rev.Stat. § 18.130 (1995). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir.1994), and we affirm.
 
 
 3
 Chow contends that the district court abused its discretion by dismissing her complaint for failing to comply with the court's order requiring her to post security for defendants' costs. This contention lacks merit.[1]
 
 
 4
 Here, the district court notified Chow in its June 24, 1996 order that defendants had timely requested that she post a security bond pursuant to § 18.130.[2] The district court directed Chow to post the bond within thirty days of its June 1996 order "in compliance with [s] 18.130." Because Chow failed to comply with this order, the court dismissed her complaint.[3] Chow did not offer the district court any explanation for her noncompliance. Nor did Chow seek an extension of time to file the security bond. See Brion v. Union Plaza Corp., 763 P.2d 64, 64 (Nev.1988) (per curiam); Borders Elec. Co. v. Quirk, 626 P.2d 266, 267 (Nev.1981) (per curiam). Moreover, the record reveals that Chow was not indigent, as evidenced by the fact that she paid the district court's filing fees and posted a portion of the requisite security bond in the amount of $500.00. See Simulnet E. Assocs., 37 F.3d at 575-76; Tetzlaff, 683 F.Supp. at 228. Under these circumstances, we conclude that the district court did not abuse its discretion when the court dismissed Chow's complaint for failing to timely comply with § 18.130. See Borders Elec. Co., 626 P.2d at 267; cf. Simulnet E. Assocs., 37 F.3d at 576.
 
 AFFIRMED.[4]
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Chow's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chow raises numerous other contentions, but they have no bearing on whether the district court properly dismissed her complaint. Accordingly, we do not address these contentions
 
 
 [2]
 Section 18.130 secures a Nevada defendant's litigation costs by requiring a nonresident plaintiff to post a security bond for each named defendant who timely invokes the statute. See Nev.Rev.Stat. § 18.130(1); see also Brion v. Union Plaza Corp., 763 P.2d 64, 65 (Nev.1988) (per curiam) (stating that a plaintiff must post a separate security bond for each defendant who properly invokes § 18.130); Truck Ins. Exch. v. Tetzlaff, 683 F.Supp. 223, 227-28 (D.Nev.1988)
 
 
 [3]
 Section 18.130 provides that a court may dismiss a plaintiff's action for failing to post a security bond within thirty days after a defendant has invoked the statute. See Nev.Rev.Stat. § 18.130(4); Brion, 763 P.2d at 64
 
 
 [4]
 We deny Chow's motion and defendants' cross-motion for sanctions