An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GIAMAL DORMAN,
Appellant,
vs.
VENETIAN CASINO RESORT, LLC,
Respondent.

No. 61653

**FILED**

JAN 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss a tort action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Giamal Dorman, a California resident, was allegedly detained by respondent Venetian Casino Resort, LLC's security, held overnight, and then released. Dorman sued the Venetian on September 20, 2010, for various torts arising out of this incident. On December 28, 2010, the Venetian demanded security for costs from Dorman, a California resident, under NRS 18.130(1). Fifteen months later, on March 14, 2012, Dorman posted the $500 security. On March 21, 2012, the Venetian moved to dismiss under NRS 18.130(4), NRCP 16.1(e)(2), and NRCP 41(e). The district court granted the motion to dismiss based on NRS 18.130(4) and NRCP 16.1(e)(2). This appeal followed.

On appeal, Dorman argues that while NRS 18.130(4) allows a district court to dismiss a case when a plaintiff does not post security within 30 days, it does not permit dismissal when the plaintiff has posted the security before the defendant filing a motion to dismiss. Dorman further argues that dismissal under NRCP 16.1(e)(2) was not appropriate

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01770

because NRS 18.130(1) stays the action until security is posted. The Venetian responds that dismissal under NRS 18.130(4) is permissible and appropriate because Dorman missed the deadline by 14 months, did not request an enlargement of time, and NRS 18.130(4) does not prohibit a motion to dismiss after a plaintiff posts his security. The Venetian also argues that NRS 18.130(1) should not toll Dorman's obligations under NRCP 16.1 because it is Dorman's actions that release the NRS 18.130(1) stay.

Regarding NRS 18.130(4), this court "give[s] effect to the statute's plain meaning . . . when the language of a statute is plain and unambiguous, such that it is capable of only one meaning." *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 228-29, 209 P.3d 766, 769 (2009). NRS 18.130(4) provides that "[a]fter the lapse of 30 days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed." Neither NRS 18.130(1) nor (4) gives a mandatory time frame in which the undertaking must be filed; rather, upon providing proof that 30 days has passed and no security has been posted, the defendant may move to dismiss the case or the district court may dismiss it. The 30-day requirement is thus a prerequisite for dismissal, not posting security.

Here, Dorman posted his NRS 18.130(1) security before the Venetian's motion to dismiss, thus precluding dismissal under NRS 18.130(4). Accordingly, the district court abused its discretion in dismissing the action on this basis. *Brion v. Union Plaza Corp.*, 104 Nev. 553, 555, 763 P.2d 64, 64 (1988) (holding that this court reviews dismissal under NRS 18.130 for an abuse of discretion).

Regarding NRCP 16.1(e)(2), NRS 18.130(1) provides that "all proceedings in the action shall be stayed until an undertaking" is posted. NRS 18.130(1) does not distinguish between the plaintiff's and defendant's obligations. Thus, both parties' obligations under NRCP 16.1(e)(2) are stayed until security is posted. Accordingly, the NRCP 16.1 requirements were stayed, and the district court abused its discretion in dismissing the action based on NRCP 16.1(e)(2). *Moon v. McDonald, Carano & Wilson, LLP*, 126 Nev. ___, ___, 245 P.3d 1138, 1139 (2010) ("This court reviews a district court's dismissal of a case for failure to comply with the requirements of NRCP 16.1(e)(2) for an abuse of discretion.").[1]

Having concluded that both bases on which the district court dismissed the underlying action were improper, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                      Cherry

---

[1]While the Venetian presented arguments concerning NRCP 41(e), the district court did not base its order on NRCP 41(e). Nevertheless, we note that Dorman filed his complaint on September 20, 2010, and the Venetian filed its motion to dismiss on March 21, 2012, and thus, the two-year period for discretionary dismissals under NRCP 41(e) had not yet passed.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas Smith, District Judge
William C. Turner, Settlement Judge
Thomas Michaelides
Royal & Miles, LLP
Eighth District Court Clerk