**131 Nev., Advance Opinion 46**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SANDRA BISCAY,
Appellant,
vs.
MGM RESORTS INTERNATIONAL, A
DELAWARE CORPORATION; JEAN
DEVELOPMENT, LLC, A NEVADA
LIMITED LIABILITY CORPORATION
D/B/A GOLD STRIKE HOTEL &
GAMBLING HALL,
Respondents.

No. 63492

**FILED**

JUL 0 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a district court order of dismissal in a tort action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

*Reversed and remanded.*

Kang & Associates, PLLC, and Patrick W. Kang and Erica D. Loyd, Las Vegas,
for Appellant.

Troy E. Peyton, Las Vegas,
for Respondents.

---

BEFORE HARDESTY, C.J., SAITTA and GIBBONS, JJ.

*OPINION*

By the Court, GIBBONS, J.:

In this opinion, we consider whether dismissal is appropriate under NRS 18.130(4) when a nonresident plaintiff files security with the

court clerk for the defendant's costs more than 30 days after receiving notice that security is required, but before the district court has dismissed the case. We conclude that dismissal under NRS 18.130(4) is inappropriate if the plaintiff files the required security with the court clerk at any time prior to dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Sandra Biscay slipped and fell at a hotel owned by respondent MGM Resorts International (MGM). Biscay filed a complaint against MGM for various torts relating to her fall. On September 26, 2012, MGM filed a demand for security of costs pursuant to NRS 18.130. Over six months later, Biscay filed a notice stating that she had filed the required security with the court clerk. Nine days after Biscay filed her bond, MGM moved the court to dismiss the case pursuant to NRS 18.130(4), which the district court ultimately did.

The district court concluded that NRS 18.130(4) requires that plaintiffs file security with the court clerk within 30 days of receiving notice that security is required. Thus, the district court concluded that even though Biscay filed the required bond *before* MGM moved the court to dismiss the case, dismissal was appropriate because Biscay filed her bond well outside of 30 days from receiving notice that security was required.

In this appeal, Biscay argues that pursuant to NRS 18.130(4), dismissal is inappropriate as long as the plaintiff files the required security with the court clerk before the case is dismissed.

# DISCUSSION

*Standard of review*

This court reviews a dismissal under NRS 18.130 for an abuse of discretion. *Brion v. Union Plaza Corp.*, 104 Nev. 553, 555, 763 P.2d 64, 64 (1988). This case also raises issues of statutory interpretation, which we review de novo. *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 226, 209 P.3d 766, 768 (2009). "This court has established that when it is presented with an issue of statutory interpretation, it should give effect to the statute's plain meaning." *Id.* at 228, 209 P.3d at 769. "Thus, when the language of a statute is plain and unambiguous, such that it is capable of only one meaning, this court should not construe that statute otherwise." *Id.* at 228-29, 209 P.3d at 769.

*The district court abused its discretion in dismissing the case*

NRS 18.130 allows defendants to protect themselves from the dangers of litigating against nonresident plaintiffs. NRS 18.130(1) states, in relevant part:

> When a plaintiff in an action resides out of the State, . . . security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint.

In cases where security is required by the defendant, "all proceedings in the action [are] stayed until" the plaintiff files the security. NRS 18.130(1). NRS 18.130(4) states that "[a]fter the lapse of 30 days from the service of notice that security is required, . . . upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed."

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Based on a plain reading, we conclude that neither NRS 18.130(1) nor 18.130(4) gives a mandatory time frame in which the security must be filed. Instead, upon providing proof that 30 days has passed and no security has been filed, the defendant *may* move to dismiss the case or the district court *may* dismiss the case on its own. Thus, the 30-day requirement is a prerequisite for dismissal, not filing the security.[1] In other words, once 30 days has passed, the defendant has the right to ask the district court to dismiss the case, or the district court has the authority to dismiss the case on its own. Until the case is dismissed, however, the plaintiff is still free to file the security. *See Carter v. Superior Court of Kern Cnty.*, 169 P. 667, 669 (1917) (interpreting an identical California statute and stating that "[i]t seems clear . . . that the required undertaking may be filed at any time prior to dismissal").

Deciding whether or not to dismiss a case pursuant to NRS 18.130(4) is within the sound discretion of the district court. *Borders Elec. Co., Inc. v. Quirk*, 97 Nev. 205, 206, 626 P.2d 266, 267 (1981). However, we conclude that it is an abuse of discretion for the district court to dismiss the case if the plaintiff has filed the required security with the court clerk at any time before the court dismisses the case. Accordingly, because Biscay filed her bond before the case was dismissed, the district court abused its discretion in granting MGM's motion to dismiss. We

---

[1]To the extent that *Borders Electronic Co., Inc. v. Quirk*, 97 Nev. 205, 626 P.2d 266 (1981), holds that NRS 18.130(4) creates a time limit for plaintiffs to file the security with the court clerk, such a holding is overruled by the present case.

therefore reverse the district court's order of dismissal and remand the case to the district court for further proceedings.

_____, J.
Gibbons

We concur:

_____, C.J.
Hardesty

_____, J.
Saitta