# Collins *et al.* v. Loyal's Adm'r.

*Bill in Equity for Reformation of Bond for Titles, Correction of Errors in Chancery Decree, and Sale of Lands under Vendor's Lien.*

1. *Presumption in favor of chancellor's decree, on hearing on pleadings and agreement of counsel.*—On appeal from a decree in a chancery cause, rendered on final hearing, "on the original and amended bills, with the exhibits thereto, decrees *pro confesso* against the parties who had not appeared and pleaded, *and the agreement of counsel,*" if the agreement is not set out in the record, this court will presume that it justified the decree which was rendered, and will not reverse on account of any apparent errors.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 17th May, 1873, by John A. Holmes, as the administrator of the estate of Jesse Loyal, deceased, against Terry Collins and others, and sought to review and correct mistakes in a certain decree rendered by said court, in May, 1856, in favor of said Jesse Loyal, to enforce a vendor's lien for the unpaid purchase-money of land; also, to set aside a sale of lands which had been made under said decree, to correct the original vendor's bond for title, so as to describe properly the lands which were really contracted to be sold, and to have those lands sold in satisfaction of a note given for a part of the purchase-money. The whole controversy grew out of a mistake in the bond for titles, in the description of the land which was the subject of the contract; which mistake was carried into the proceedings in the former chancery suit. There was a demurrer to the bill by Terry Collins and Martha Collins, which was

overruled; and decrees *pro confesso*, on personal service, were duly entered against them and the other defendants. On final hearing, "upon the original and amended bills, with the exhibits thereto, the decrees *pro confesso* on personal service, and the agreement of counsel," the chancellor rendered a decree for the complainant; which decree is now assigned as error, together with the overruling of the demurrers to the bill.

W. H. DENSON, for appellant.

BARNES & HOLMES, *contra.*

BRICKELL, C. J.—The record discloses that this cause was submitted for final decree, "on the original and amended bill and exhibits, decrees *pro confesso* against the parties who had not appeared and pleaded, and the agreement of counsel." This agreement, the only matter of evidence affecting the parties appearing and pleading, introduced on the hearing, is not incorporated in the record, and, consequently, we are uninformed of its character and extent. Shall the presumption be made, if error is found in the record as it now stands, that it was not cured, and the decree authorized by the agreement? Or shall the presumption be indulged, that the court conformed the decree to the agreement submitted to it, by which the errors apparent on the record were waived? It is the last presumption which the unvarying practice of this court compels us to indulge. Error must be shown affirmatively; and all reasonable intendments, consistent with the record, must be made in support of the decrees or judgments of primary courts. If we were to proceed, in the present state of the record, to consider the assignment of errors, and a reversal should follow, it might be for errors cured by the agreement, and into which the Chancery Court would not have fallen; or it might be of a decree to which the parties deliberately yielded assent.

The decree must be affirmed.