(84 South. 635)

### BROUGHTON v. BROUGHTON.
(7 Div. 588.)

(Court of Appeals of Alabama.   Nov. 25, 1919.)

1. APPEAL AND ERROR ⚙➡1012(1)—FINDINGS ON EVIDENCE ORE TENUS NOT DISTURBED.

Where the evidence adduced before the trial judge trying without a jury was developed ore tenus, or partly so, findings of the trial court will not be disturbed, unless the conclusion reached is plainly contrary to the great weight of the evidence.

2. APPEAL AND ERROR ⚙➡907(4)—MISSING EVIDENCE PRESUMED TO JUSTIFY FINDING OF TRIAL COURT.

Where the record shows upon its face that it does not contain all the evidence advanced upon the trial of the cause, it must be presumed that the missing evidence was sufficient to justify the findings of the trial court.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by Fannie E. Broughton against J. W. Broughton in trover and conversion. Judgment for the defendant, and plaintiff appealed. Affirmed.

See, also, 201 Ala. 311, 78 South. 87.

Rutherford Lapsley, of Anniston, for appellant.

The court erred in the judgment rendered. 76 Ala. 427; 73 Ala. 215; 21 Ala. 448; 14 Cyc. 251.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

Two important papers are missing from the records, and the court will presume that the trial court rendered the proper judgment. 189 Ala. 628, 66 South. 605; 2 Ala. App. 436, 57 South. 73; 6 Ala. App. 411, 60 South. 468.

BRICKEN, P. J.   Appellant was plaintiff in the court below and brought suit for damages against appellee for the conversion of certain personal property. The first count of the complaint was in trover, and the second count being in detinue for the same property.

The cause was tried by the court without a jury, and judgment rendered in favor of defendant, appellee here.   The appellant claimed the property by virtue of its having been set aside to her as exempt by the probate court, but the order of the probate court does not appear in the record, although it is recited that it was introduced in evidence.

The appellee claimed under a contract or deed of settlement, but this does not appear in the record, although it is recited that it was offered in evidence.

[1, 2] In the absence of these papers, we do not know what rights were conveyed. As stated, the cause was tried by the court without a jury, and in the absence of a showing affirmatively that the court was in error we cannot revise its judgment. From the record before us we are unable to say that there was error on the part of the trial court, for it has been repeatedly held that where the evidence adduced before the judge trying without a jury was developed ore tenus, or partly so, the findings of the trial court will not be disturbed, unless the conclusion below is plainly contrary to the great weight of the evidence. Moreover, the record shows upon its face that it does not contain all the evidence advanced upon the trial of this cause in the court below; it must therefore be presumed that the missing evidence was sufficient to justify the finding of the court.

The judgment is affirmed.

Affirmed.

---

(84 South. 408)

### DAVIS v. STATE.   (1 Div. 335.)

(Court of Appeals of Alabama.   Nov. 25, 1919.)

CRIMINAL LAW ⚙➡1090(14)—REQUESTED INSTRUCTIONS NOT CONSIDERED IN ABSENCE OF BILL OF EXCEPTIONS.

Refusal to give requested charges will not be considered on appeal, in the absence of bill of exceptions.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Ed Davis was convicted on a charge of receiving stolen property, and from the judgment, he appeals.   Affirmed.

Tisdale J. Touart and Charles Thompkins, both of Mobile, for appellant.

J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J.   There is no bill of exceptions appearing in the record, in the absence of which the court cannot consider the written charges refused to the defendant.   Taylor v. State, 14 Ala. App. 13, 70 South. 949.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes