(109 So. 893)

### SHERMAN v. GOOD. (8 Div. 448.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

**1. Vendor and purchaser ☞334(5).**

Where requirement that abstract showing merchantable title be furnished was not fulfilled, prospective purchaser was entitled to affirmative charge, in action to recover payment.

**2. Appeal and error ☞695(1).**

Conclusion or finding of facts of trial judge will not be reviewed when it affirmatively appears that there is evidence not set out by the record.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action on common counts by Henry Good against S. N. Sherman. Judgment for plaintiff, and defendant appeals. Affirmed.

Wert & Hutson, of Decatur, for appellant.

Counsel argue for error in giving the affirmative charge for plaintiff, but without citing authorities.

A. J. Harris, of Decatur, for appellee.

The bill of exceptions does not contain all the evidence, and it will be presumed there was evidence justifying the action of the court in giving the affirmative charge for plaintiff. Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 318. The title was not merchantable, and the vendee was entitled to recover the amount paid on the purchase price. Flinn v. Barber, 64 Ala. 199; Messer Real Estate & Ins. Co. v. Ruff, 185 Ala. 236, 64 So. 51.

SAMFORD, J. [1] Under the evidence, appellee agreed to purchase certain property from appellant and, as a part of the purchase price, he paid to appellant's agent $200.

The agreement called for an abstract to be furnished appellee, within 30 days, showing a merchantable title, which was not done, whereupon appellee refused to consummate the purchase, rescinded the contract, and demanded a return of the purchase money paid. The title not being merchantable, as agreed, the appellee was entitled to a recovery, and, there being no dispute as to the above facts, the court properly gave the general affirmative charge as requested. Flinn v. Barber, 64 Ala. 193.

[2] But there is still another proposition upon a consideration of which this case must be affirmed. The bill of exceptions recites:

"This was all the evidence except the written receipt and contract which was introduced in evidence when the witness McCumber was testifying, and upon which, together with other evidence, the court gave the general charge for the plaintiff."

It is a settled rule that the conclusion or finding of facts by a trial judge will not be reviewed when it affirmatively appears that there was evidence before the court which is not set out by the record. We will presume that the omitted evidence was sufficient, when considered in connection with all the evidence in the case, to justify the trial judge in giving the general charge for the plaintiff. Wood v. Wood, 119 Ala. 183, 24 So. 841; Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 318; Broughton v. Broughton, 17 Ala. App. 255, 84 So. 635.

For the reasons given above, the judgment is affirmed.

Affirmed.