(119 So. 640)

SOVEREIGN CAMP, W. O. W., v. CARRELL.
(6 Div. 28.)

Supreme Court of Alabama. Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

614

C. H. Roquemore, of Montgomery, for appellant.

Huey & Welch and W. G. Stone, all of Bessemer, for appellee.

FOSTER, J. A former appeal of this case is reported in 20 Ala. App. 340, 101 So. 914.

On another trial it was submitted to the jury on counts 5, 6, 10, 11, 14 and 15, all based upon a policy of fraternal insurance, except 11, which was for money had and received, and pleas 2, 3, 4, 5, 6 and 9 as to all the counts except 11. The pleas 2 to 6 alleged nonpayment of dues for July, 1920, in violation of the constitution and by-laws of the order, effecting an automatic suspension. Plea 9 alleged nonpayment of dues for December, 1919, and January, 1920. To plea 9 plaintiff replied a waiver of this defense by alleging as its only claim of suspension nonpayment of dues of July, 1920.

The first argument for appellant is based upon the sufficiency of count 11. The other counts claimed on the policy of insurance. This count claimed for money had and received. Appellant moved to strike this count because a departure from the original cause of action, and because barred by limitations. Appellant insists that there was error in overruling the motion, and also demurred on the same grounds, and insists there was error in overruling the demurrer. Section 9513 of the Code authorizes an amendment, and count 11 was an amendment, by adding new counts which could have been included in the original complaint. Distinct

causes of action growing out of the same transaction may be united in different counts of the complaint, but not in the same count. Sections 9466, 9467, Code; Sloss-Sheffield S. & I. Co. v. Payne, 192 Ala. 69, 68 So. 359. The fact that the counts are such that plaintiff cannot recover on both does not render the complaint defective. The fact that the amendment sets up a cause of action on a different theory relating to the same transaction, and on different legal principles, based upon a failure of proof as to the original complaint, does not make the complaint defective, nor start anew the statute of limitations. Birmingham B. R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219. It has been the long-established rule in this state that the claim of the statute of limitations in a suit at law cannot be made by demurrer to the complaint. A plea is the only manner in such action to present the issue. Pyle v. Pizitz, 215 Ala. 398, 110 So. 822.

Counts 12 and 13 were not submitted to the jury and therefore the case was not .tried, on them. Hence we will not consider their sufficiency. There is no merit in the motion to strike count 14. If it was defective, the defect should be pointed out by demurrer. It was not frivolous, impertinent, or prolix; and the motion to strike insisted on by appellant was not made on such ground. Appellant insists that its demurrer to count 14 should have been sustained upon the authority of the former opinion in this case. The court did not have before it count 14 at that time. It was held that the monument fund was not recoverable in a suit on the policy by the beneficiary, but following Sovereign Camp, W. O. W., v. Craft, 208 Ala. 467, 94 So. 831, held that the sole beneficiary may sue for breach of contract in that respect on sufficient allegation and proof. The allegations of count 14 attempt to set up a breach of contract alleging full compliance by plaintiff. The insistence of appellant is that the beneficiary has no cause of action for such breach, and not that the breach is not sufficiently alleged. We will not consider its sufficiency of allegation in that respect. It has been settled that a suit on sufficient allegation may be maintained for such breach by the beneficiary. Such is the nature of count 14.

There is no sufficient insistence upon demurrer to counts 5 and 6. They are, however, substantially in the form prescribed by statute.

It is insisted that count 10 is defective because it contains a claim of damage not supported by sufficient allegations of fact. This is not the only claim of damage in it. If it be assumed that such item of damage is not sufficiently supported, the defect cannot be raised by demurrer. Gilliland v. Hawkins, 216 Ala. 97, 112 So. 454; L. & N. R. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; N. C. & St. L. Ry. Co. v. Campbell, 212 Ala.

27, 101 So. 615. This is the only defect pointed out by appellant in brief as to count 10.

Plaintiff as an answer to defendant's pleas replied "A" that the policy contained an incontestable clause. Defendant filed two rejoinders, one was lettered "I," to which demurrer was sustained. This rejoinder, by its terms, adopted the provisions of the constitution and by-laws set out in pleas 2 and 6, and alleged, as in pleas 2 and 6, a failure to comply with them. As this was but' a repetition of an issue already in the case, it could serve no useful purpose in again presenting it. The court in its oral charge correctly disposed of this replication and the issues it raised. It is urged for reversal that the minutes fail to show a judgment on demurrers of appellant to certain pleadings. This of course is not sufficient to predicate a ruling from this court. The other rulings of the court' on pleadings are not sufficiently argued in brief to require separate consideration. The pleadings were voluminous, and the court in his oral charge stated the issues clearly and sufficiently. Appellant does not point out any ruling on pleading which denied it any issue insisted upon which it was entitled to have go to the jury.

Appellant insists that it was due the affirmative charge, because plaintiff did not make a prima facie case by showing that deceased was in good standing at the time of his death. This insistence has frequently been made in such cases, and always met by citing the principle that this burden is met prima facie by showing proof of death of insured, notice to defendant, and introducing the beneficiary certificate in possession of plaintiff. Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 So. 762; Sovereign Camp, W. O. W., v. Bass, 207 Ala. 558, 93 So. 537; Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 So. 737, 741; Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 597, 47 So. 72.

The policy-contract, the constitution and by-laws, and much other documentary proof was offered in evidence. The bill of exceptions shows this, but it does not contain such documents. An unsuccessful effort has been made to get them before this Court. The record therefore shows that it does not contain all the evidence. It does not therefore prove the pleas setting out the provisions of the policy and constitution and by-laws respecting the effect of defaults. Default will not invalidate a policy without an express provision to that effect in the contract or constitution and by-laws, made a part of the contract. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812, and authorities there cited. In the absence of the policy and constitution and by-laws, and it appearing that they were in evidence, we will presume that they sustained the rulings of the

trial court. Wood v. Wood, 119 Ala. 183, 24 So. 841; Sherman v. Good, 21 Ala. App. 546, 109 So. 893; Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 318; Jefferson v. Sadler, 155 Ala. 537, 46 So. 969; Nat'l Park Bank v. L. & N. R. R. Co., 199 Ala. 192, 74 So. 69.

All but one of the charges refused to appellant are general affirmative charges as to different counts. For the reasons we have assigned there was no error in refusing them. The fifth charge denies relief to plaintiff as to the monument fund. But as the policy is not before the court we presume that it is sufficient to justify relief on that claim. The action of the court in refusing the continuances to appellant was not an abuse of its discretion.

At the conclusion of the evidence, the defendant moved "to require plaintiff to elect which remedy he desired to pursue." A plaintiff may state his action in any legal form he wishes, and in as many counts as are necessary, and though his complaint contains several counts in different aspects, so that he may not recover on all of them, the jury may be instructed that they may find for the plaintiff upon any aspect alleged in the several counts which may be properly sustained by the evidence, upon proper instructions as to burden of proof and elements of recovery on the counts in each aspect. The jury may find the counts in one aspect proven, and those in another not proven. In such situation there is no occasion for an election. Plaintiff has only one remedy, but is uncertain whether it is on the policy, or for money had and received, because he is uncertain which he can prove. His claim is on the policy, but if he fails in his proof on the policy, then he claims for money had and received in the alternative. The rule sought to be invoked by appellant does not apply to this situation.

We have examined with care all the exceptions noted by appellant, and conclude that there is no error to reverse this case. We do not consider it necessary to deal further with the errors assigned.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.