140 So. 770

## BRIDGEFORTH v. NATIONAL LIFE & ACCIDENT INS. CO.

### 8 Div. 375.

Court of Appeals of Alabama.
March 29, 1932.

See also 24 Ala. App. 486, 136 So. 865.

W. H. Long, of Decatur, for appellant.

Seybourne H. Lynne and S. A. Lynne, both of Decatur, for appellee.

SAMFORD, J.

Plaintiff brought suit to recover on a policy of life insurance and on the trial recovered judgment for the amount named in the face of the policy. On motion of defendant that the verdict of the jury be set aside and a new trial granted, the court granted the motion and judgment was rendered accordingly. From this judgment plaintiff appeals.

This appeal by plaintiff cannot be made the basis of a general review of the many rulings of the trial court except in so far as they relate to and have connection with the judgment of the court granting the motion for a new trial. Karter v. Peck Bros., 121 Ala. 636, 25 So. 1012; Shaw v. Knight, 212 Ala. 356, 102 So. 701.

If the order granting the motion for a new trial was proper under either ground of the motion, the trial court's action cannot be reversed. Karter v. Peck, supra.

An order of the trial court granting a motion for a new trial on the ground that the verdict of the jury was contrary to the evidence will not be reversed unless the evidence plainly and palpably supports the verdict. The judge trying the case is in far better position to pass upon such a question than any appellate court. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The conclusion or finding of facts by the trial court will not be reversed when it affirmatively appears that there was evidence before the court which is not set out in the

record. When it so appears this court must presume that the omitted evidence was sufficient to justify the finding of the lower court on the facts. Sherman v. Good, 21 Ala. App. 546, 109 So. 893; Sov. Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640.

■ In the instant case the bill of exceptions recites: "The plaintiff offers in evidence the defendant's answers to plaintiff's interrogatories." These answers nowhere appear in the bill of exceptions, and in their absence we must presume they were sufficient to justify the court's action in granting the motion.

The other thirty-eight assignments of error not related to or connected with the action of the court in ruling on the motion are not here passed upon.

The judgment is affirmed.

Affirmed.