47 So.2d 220

**McCOMBS v. CLARK.**

**6 Div. 835.**

Court of Appeals of Alabama.

June 20, 1950.

Jackson, Rives & Pettus, of Birmingham, for appellant.

392

J. H. Dinning, of Birmingham, for appellee.

HARWOOD, Judge.

The suit below was based on a complaint containing one common count, for work and labor and materials.

The defendant filed a plea of the general issue, and also a special plea of set-off and recoupment. In the special plea it was alleged that the plaintiff entered into a contract with the defendant in reference to repairing defendant's garage and house, the contract being set out in the plea. Failure to complete the contract, and damage to defendant's premises were alleged and damages were claimed therefor.

The complaint was against S. E. McCombs, and the pleas were filed by S. E. McCombs.

A statement of the evidence in lieu of a transcript thereof is set forth in this record.

The only observation indicated in reference to the evidence, in so far as this appeal is concerned pertains to the failure of the evidence to show that any contract, actual or implied, was ever made between the plaintiff Clark and the defendant S. E. McCombs, and further in failing to show that S. E. McCombs was known by any other name or initials, or that S. E. McCombs ever knew of the work being done and accepted the benefit thereof.

The plaintiff's sole testimony in reference to the contract under which he performed services was as follows:

"The defendant in this case is S. E. McCombs. Dr. McCombs wanted certain work done as follows:" The plaintiff then testified as to the terms of the contract between him and Dr. McCombs, and on cross examination referred to Dr. McCombs as Dr. N. C. McCombs.

For the defense Dr. N. C. McCombs testified that he made an oral contract with the plaintiff in reference to the work, and testified as to the terms of the contract.

The only other evidence submitted by either party was directed toward establishing the value of the claims that each party respectively asserted.

Thus, in so far as S. E. McCombs is concerned, there is a complete lack of proof that S. E. McCombs ever made a contract with the plaintiff in any manner, unless the allegations in the special plea can supply this deficiency in the proof.

By the interposition of the plea of the general issue the defendant put in issue every material issue of the complaint. The burden was thereby placed upon the plaintiff to prove the contract as alleged.

True, the defendant filed her plea of set-off and recoupment, and admitted in said plea the contract.

However, a defendant may plead more than one plea. Title 7, § 225, Code of Alabama 1940. There may be separate and distinct pleas setting up different defenses, and a plaintiff cannot, on the trial of the issue on one plea, take advantage of an averment or admission contained in another plea. Woodmen of the World v. Maynor, 206 Ala. 176, 89 So. 750; Boyett v. Standard Chemical & Oil Co., 146 Ala. 554, 41 So. 756.

Without aid from the plea of recoupment, which cannot be furnished by reference, the plaintiff below has not supplied sufficient proof to sustain his complaint because of the material variance between the allegata and the probata as above pointed out. Ex parte Shoults, 208 Ala. 598, 94 So. 777.

The refusal of the defendant's requested affirmative charge, and perforce the denial of defendant's motion for a new trial based on grounds appropriate to the existing defect, necessitates a reversal of this cause. Ferrell v. Ross, 200 Ala. 90, 75 So. 466.

Reversed and remanded.