145 .So.2d 723

**Ann Daly TATE**

v.

**Robert L. SMITH, Jr., et al.**

6 Div. 441.

Supreme Court of Alabama.

June 21, 1962.

Rehearing Denied Oct. 25, 1962.

Geo. S. Brown, Birmingham, for appellant.

Evans Dunn and Bowers, Dixon, Dunn & McDowell, and Adams & Adams, Birmingham, for appellees.

COLEMAN, Justice.

This is an appeal by one complainant from a decree which granted in part and denied in part the relief prayed for in the bill of complaint.

The bill prayed for cancellation of a deed executed by complainants to a corporate grantee, for cancellation of a subsequent deed executed by the corporate grantee to one of the individual respondents, and for cancellation of a mortgage executed by the individual respondents to another corporation.

The circuit court canceled the two deeds, refused to cancel the mortgage, and held that complainants were entitled to redeem from the mortgage.

Appellant argues in brief that the decree should be reversed and that appellant should be relieved from paying the debt secured by the mortgage.

In order to reverse the decree we would be compelled to find that it is not supported by the evidence. To make such a finding we would need to look at the evidence, and we cannot do that because there is no evidence whatever in the record now before us.

The decree commences:

"THIS CAUSE duly came on to be heard ore tenus before the Court, and was argued and submitted for final decree upon pleadings and proof as noted on the 28th day of October, 1958, and was by the Court taken under consideration and advisement."

The note of testimony signed by solicitor for appellant submits on testimony of six named witnesses and complainants' Exhibits One through Thirteen, both inclusive. Appellees submit on testimony of fifteen named witnesses, the deposition of another, "Exhibits A through Q and S through Z and AA through P.P. and all stipulations filed in open court, and made in open court." None of this testimony is before us. In order to conclude that the evidence does not support the decree we would have to rely on something that we have not seen.

"The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. (Citations Omitted.)

"It will be presumed that the omitted evidence justified the adjudication of the court (chancellor) on the various issues of fact presented. (Citations Omitted.)" Thomas v. Thomas, 246 Ala. 484, 486, 21 So.2d 321, 322.

"Finally, it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court would sustain the judgment. (Citation Omitted.)" Williams v. Clark, 263 Ala. 228, 82 So.2d 295.

We do not think that the cases cited by appellant and mentioned below hold to the contrary.

In Thomas v. Thomas, supra, this court affirmed the decree.

In Edge v. Bice, 263 Ala. 273, 82 So.2d 252, this court modified and affirmed the decree. The modification did not change the amount which the mortgagee was entitled to receive. Indeed, the ultimate allowance of a personal judgment for the same amount was not eliminated. This court merely postponed the rendition of such judgment and said:

"A personal judgment was not appropriate at that time except as to costs. The proper decree would be to allow complainant thirty days in which to pay the sum ascertained, and in default of its payment the property should be sold. If the sale does not produce a sufficient amount, an execution may be ordered on motion to collect the balance, if there is a personal liability then due. (Citations Omitted.)" [263 Ala. 273, 275, 82 So.2d 252, 254].

We do not think Edge v. Bice is contrary to the rule of Thomas v. Thomas, supra.

In Bentley v. County Commission for Russell County, 264 Ala. 106, 84 So.2d 490, this court affirmed the decree.

In Ellard v. J. Blach & Sons, 267 Ala. 638, 103 So.2d 713, where there was no transcript of evidence, this court denied the motion to dismiss the appeal but affirmed the judgment.

So in the case at bar, the motion is denied and the decree is affirmed.

Motion denied.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.