184 So.2d 153

**Raymond Kemper JOHNSTON**

**v.**

**Frances Hussey JOHNSTON.**

**4 Div. 221.**

Supreme Court of Alabama.

March 10, 1966.

John C. Walters and John W. Gibson, Troy, for appellant.

T. L. Borom and W. R. Martin, Ozark, for appellee.

LAWSON, Justice.

This is an appeal from a decree of divorce *a vinculo matrimonii* rendered by the Circuit Court of Pike County, in Equity, in favor of complainant, the wife. The trial court also awarded the complainant alimony in gross, the custody of the two minor children, and child support. The respondent husband brings this appeal.

The ground for divorce was cruelty, which complainant alleged in paragraph 3 of her complaint, which reads:

"On, to-wit, the 18th day of June, 1964, respondent slapped and beat her about the face and body with his hands and fists, shoved and pushed her in a violent rage and repeatedly cursed her and threatened to kill her; that on said occasion and on many other times prior thereto since said marriage, the said respondent committed actual violence on the person of complainant attended with grave danger to her life or health. Petitioner further avers that respondent has conducted himself toward complainant in such a way that she is reasonably convinced that he will continue to commit actual violence on her person attended with grave danger to her life or health."

The appellant, respondent below, contends that the trial court erred in overruling the following ground of his demurrer: "The allegation in paragraph 3 that she was 'reasonably convinced' of violence is not sufficient, and is not in the language of the statute."

 Section 22, Title 34, Code 1940, as amended, contains the words "'reasonable apprehension" rather than "reasonably convinced." The words "convinced" and "apprehension" are not synonymous. The former conveys the thought that the user believes beyond doubt, while apprehension

usually shows no more than fear of future misfortune or evil. The use of the stronger term, although not in the language of the statute, did not render the last sentence of paragraph 3 of the bill subject to the ground of demurrer presently under consideration.

The only other argued assignment of error is to the effect that the trial court erred in awarding to complainant as alimony in gross the residence in which the parties had resided prior to the separation, title to which was in respondent's name. The statement is made in brief of appellant that the residence "was all the realty he [respondent] owned."

 The findings of fact incorporated in the court's decree does not support that statement and the cause was submitted here on the record proper. The evidence taken ore tenus before the trial court is not before us.

In Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321, we said:

"The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Allen v. Allen, 223 Ala. 223, 135 So. 169.

"It will be presumed that the omitted evidence justified the adjudication of the court (chancellor) on the various issues of fact presented. Wood v. Wood, 119 Ala. 183, 24 So. 841; Gipson v. Hicks, supra; Ala.Digest, Appeal and Error, ☞907(4)." (246 Ala. 486, 21 So.2d 322)

And in Williams v. Clark, 263 Ala. 228, 82 So.2d 295, appears the following statement:

"Where no testimony is contained in the record, a decree which recites that it was granted on the pleadings, proofs,

and testimony of witnesses will not be disturbed on appeal. Collins v. Loyal's Adm'r, 56 Ala. 403. Further, it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment or decree where all the evidence is not in the record.—State v. Donaldson, 209 Ala. 400, 96 So. 617; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638; 2 Ala.Dig., Appeal and Error, ☜907(4).

"Finally, it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court would sustain the judgment. Broughton v. Broughton, 17 Ala.App. 255, 84 So. 635."

To like effect is Tate v. Smith, 274 Ala. 198, 145 So.2d 723.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.