265 So.2d 117

W. B. GRAY et al.

v.

UNITED PRODUCE AND PRODUCTS CO., Inc., a Corp., et al.

6 Div. 795.

Supreme Court of Alabama.

Dec. 2, 1971.

On Rehearing April 27, 1972.

Rehearing Denied Aug. 10, 1972.

———◆———

Nicholson, Forstman & Fernandez, Birmingham, for appellants.

Harris & Esdale, Birmingham, for appellees.

## PER CURIAM.

This proceeding commenced with the filing of a bill in equity by four individuals against the corporation named and two individual respondents. Two of the original complainants were residents of the State of Alabama; two were residents of other states. The bill alleged that the complainants jointly owned a majority of the stock of the respondent corporation and jointly constituted a majority of the Board of Directors of the respondent corporation. The bill further alleged that the corporate defendant was unable by reason of dissension among the Board of Directors to accomplish the purpose for which it was organized; that the "debts are increasing at an alarming rate" and that the individual respondent Warlick was operating the company for his own benefit and not the benefit of the stockholders and that the corporation was insolvent and asked the court to appoint a receiver for the purpose of operating the business of the corporate respondent until a sale of all assets of the corporation could be had. The bill also asked for the issuance of a restraining order to enjoin the individual respondent Warlick from interfering with the management of the respondent corporation and from committing acts of violence upon the persons of the complainants.

The respondents filed various motions, not all of which need be alluded to for an understanding of the matters raised here. They also filed an answer and cross bill wherein they asked the court to "ascertain the amount of any accounts now owed to the Respondent and Cross-Complainant, United Produce & Products Company, Inc., by any of the Complainants * * * and will order the payment of the said accounts * * *."

Among the various motions filed was one asking the court to require the complainants to post a bond securing the costs of the litigation. At the time the motion was filed one of the Alabama complainants had withdrawn from the case. One resident of Alabama remained a complainant and the remaining two complainants were non-residents. The court granted this motion and upon failure of the non-resident to post bond for security for cost, dismissed him as a complainant. The other non-resident was dismissed for failure to appear for deposition.

On hearing of the matter three witnesses testified in behalf of the complainants. The respondents—cross-complainants put on no testimony. The trial court entered a decree finding in part:

1. That the respondent corporation was not insolvent as alleged in the bill;

2. That the complainants had not proven to the satisfaction of the court that they were the owners of the majority of the stock of the corporation and found that the complainants were in fact not directors or stockholders in the corporation;

3. That the complainant W. B. Gray "is indebted unto the respondent corporation, United Produce and Products Co. Inc., a corporation, in the amount of Eight Thousand One Hundred Ninety and 60/100 ($8,190.60) due by virtue of an account with the respondent corporation since July 30, 1969, and judgment is hereby entered in favor of the cross-complainant, United Produce & Products Co. Inc., and against the cross-respondent, W. B. Gray, in the amount of Eight Thousand One Hundred Ninety and 60/100 Dollars ($8,-190.60) with interest thereon since July 30, 1969. W. B. Gray shall have ten days in which to appear and show cause why such amount is incorrect."

From the final decree thus entered, this appeal was taken by W. B. Gray and Meyer Raben, original complainants.

Various matters are urged for reversal. We consider only two:

█ 1. The trial court erred in dismissing the non-resident complainant Raben as a party complainant for failure to post security for costs. This court has on many occasions held that the provisions of Title 11, § 59, Code, do not require that a non-resident post security for costs where there is one complainant who is a resident of the state, even though all others are non-residents. Kendrick v. Ward, 246 Ala. 550, 21 So.2d 676; Taylor v. Morton, 227 Ala. 690, 151 So. 853, and cases there cited.

2. The court found that the original complainant, cross-respondent, W. B. Gray, was indebted to the corporation in the amount of $8,190.60. No evidence on this point appears in the record. Appellees insist that the presumption of correctness which attends a trial court's finding on evidence heard ore tenus takes this point out of scope of review here. We do not think so. We have read very carefully all of the evidence included in the transcript before us. Not one word of evidence appears going to any indebtedness owed by Gray to the respondent corporation. The last page of the typewritten transcription of the evidence contains the following statement:

"THE COURT: Gentlemen, we are going to recess now until 2:00 o'clock P. M. tomorrow afternoon.

"(Whereupon, at 4:00 o'clock P.M., the hearing recessed, to reconvene at 2:00 o'clock the next day.)

"(Whereupon, on December 3rd, 1969, at 2:00 o'clock P.M., this case was continued.)

"THIS CONCLUDES ALL THE PROCEEDINGS IN THIS CASE."

Presumably then, no further proceedings were had in this case. There being no evidence of any indebtedness owed by appellant Gray the presumption of correctness does not obtain. Rather, the issue is governed by the cases which hold that where a finding by the trial court requires evidence to support it, but which is not supported by any evidence, such finding cannot be allowed to stand. McCombs v. Clark, 35 Ala.App. 391, 47 So.2d 220; Duck v. State, 278 Ala. 138, 176 So.2d 497.

For the reasons stated, the case must be reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and LAWSON, COLEMAN, BLOODWORTH, and McCALL, JJ., concur.

## ON REHEARING

PER CURIAM.

■ The application for rehearing by appellee, United Produce and Products Co., Inc., is hereby granted. The opinion is modified in connection with the judgment rendered in favor of United Produce and Products Co. against W. B. Gray in the amount of $8,190.60. In the original opinion we reversed this judgment. We now affirm it.

Upon proof submitted to the court ore tenus, the trial court found that the original complainant, cross-respondent, W. B. Gray, was indebted to the corporation in the amount of $8,190.60. The record is incomplete in that it does not contain any testimony heard by the trial judge and relied upon by him in his decree on the cross bill of complaint.

The trial court in its decree on the cross bill of complaint recited:

" . . . . and it appearing that there is independent equity arising out of said cross-bill of complaint, and upon the proof submitted to the Court ore tenus."

"It is HEREBY ORDERED, ADJUDGED AND DECREED . . . . ."

As was stated in Williams v. Clark, 263 Ala. 228, 82 So.2d 295:

"Where no testimony is contained in the record, a decree which recites that it was granted on the pleadings, proofs, and testimony of witnesses will not be disturbed on appeal. Collins v. Loyal's Adm'r, 56 Ala. 403. Further, it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment or decree where all the evidence is not in the record—State v. Donaldson, 209 Ala. 400, 96 So. 617; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638; 2 Ala.Dig., Appeal and Error, ☞907(4).

"Finally, it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court would sustain the judgment. Broughton v. Broughton, 17 Ala.App. 255, 84 So. 635."

It was said in Thomas v. Thomas, 246 Ala. 484, 486, 21 So.2d 321, 322:

"Equity Rule 56 does provide that when the testimony is taken orally 'the court trying the case must require the court reporter, or some other competent stenographer acting for him, to take down the testimony as delivered,' etc. and this proviso has been declared to be mandatory. Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554; Campbell v. Rice, 244 Ala. 144, 12 So.2d 385.

"Nevertheless, this mandate of the rule does not preclude a waiver by the parties of the taking of the testimony by the reporter.

"Nor does it relieve the parties from the duty of taking appropriate action to require compliance, or of interposing due exception, in the event of the court's refusal to act pursuant to the mandate.

 

"There are cases where the parties might conceive it to be mutually advantageous to avoid the expense of a reporter, thereby obviating the necessity of action under the rule. From aught appearing, this may have been the case here, and under the usual presumption that the trial court acted in accordance with law, in the absence of a showing to the contrary (Cox v. Brown, 198 Ala. 638, 73 So. 964; Robertson v. State, 29 Ala.App. 399, 197 So. 73, certiorari denied 240 Ala. 51, 197 So. 75; 5 C.J.S., Appeal and Error, p. 264, § 1533), we will so assume."

From aught appearing here, the trial court acted in accordance with the law in the absence of a showing to the contrary and the decree on the cross bill of complaint is due to be affirmed.

Application of United Produce and Products Co., Inc., for rehearing granted and decree on cross bill in favor of United Produce and Products Co., Inc., against W. B. Gray is affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, and McCALL, JJ., concur.

LAWSON and COLEMAN, JJ., dissent.

LAWSON, Judge (dissenting).

I can not agree that the transcript of the record sufficiently shows that the trial court relied upon testimony other than that included in the transcript and, therefore, respectfully dissent.

However, the records of this court indicate that prior to submission a petition for writ of certiorari was filed in this court for the purpose of having certain testimony alleged to have been omitted from the record certified to this court. It is my opinion that the petition for certiorari was improvidently denied. I would, therefore, withdraw the original opinion, set aside the reversal of the decree of the trial court,

set aside the submission in this court, and order the issuance of a writ of certiorari to be directed to the Register to certify to this court any testimony adduced at the original trial which was not included in the transcript of the record on file in this court if, in fact, all the testimony adduced at that trial is not included in that record.

COLEMAN, J., concurs in the foregoing.