280 So.2d 102

**CHRYSLER CORPORATION et al.**

v.

**Joe W. HASSELL.**

**SC 64.**

Supreme Court of Alabama.

July 5, 1973.

268

Lange, Simpson, Robinson & Somerville, Birmingham, and Dixon, Wooten, Boyett & McCrary, Talladega, for appellant Chrysler Corp.

Gaines & Hereford, Talladega, for appellant Jim Preuitt, Chrysler-Plymouth, Inc.

Love, Love & Caldwell, Talladega, for appellee.

MERRILL, Justice.

This appeal is from a judgment against Chrysler Corporation, the manufacturer, and Jim Preuitt Chrysler-Plymouth, the dealer, in a transaction involving the sale of a new Chrysler Newport to appellee on January 5, 1970.

On January 7, appellee notified the dealer that the engine in the new car would not start. The weather at that time was some six to ten degrees above zero. The dealer furnished an almost new Dodge automobile for appellee to use until the Chrysler could be brought in for adjustments and repairs. On January 11, before the new car had been brought in for checking, appellee managed to get it started and drove it to Childersburg, where it caught on fire and was extensively damaged.

Appellee asked the dealer to replace the car under the warranty and the dealer told him that he should contact his fire insurance carrier because the warranty did "not apply to a vehicle involved in an accident, fire or similar incident." These quoted words were not in the warranty delivered with the new car, but were in a "Warranty Policy and Procedure Manual" which Chrysler Corporation distributed to its dealers. The warranty was silent on the subject of fire.

Appellee refused to try to collect from the fire insurance company which had insured his automobile, and informed the dealer that he was going to sue.

The original complaint was filed on March 20, 1970, charging that the defendants, Chrysler Corporation and the dealer, negligently allowed him to ride in an automobile which was imminently dangerous and that as a proximate consequence he received personal injuries. Later, Count Two was added charging that defendants falsely represented that the automobile was in A–1 condition when it was not, and that the defendants had breached a warranty to repair or replace.

Defendants' demurrers to these two counts were sustained; Count Three was added and demurrers were again sustained. Count Four was added but Count Four–A was the only count on which the case was tried and submitted to the jury.

Counsel for appellee states in brief and stated to the jury that this was a case of fraud, framed under Tit. 7, § 108, and it was not a contract action but a tort action. Tit. 7, § 108, provides:

"Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute fraud."

Count Four–A is rather lengthly but we quote it because of the argument that the demurrers should have been sustained on the grounds that it contained two distinct causes of action in a single count, and that the complaint contained a misjoinder of an action ex delicto and an action ex contractu. We have emphasized certain portions of Court Four–A:

"The plaintiff claims of the defendants the sum of Thirty Thousand and no/100 ($30,000.00) Dollars as damages for that heretofore on, to-wit: January 5, 1970, the plaintiff entered into a sales contract with the defendant, Jim Preuitt Chrysler-Plymounth, Inc., for the purchase of the following described personal property, manufactured by the defendant, Chrysler Corporation and located in Talladega County, Alabama:

"One New Chrysler Newport
Serial # CE23–LOC–175221

"Plaintiff avers *that defendants did falsely represent to the plaintiff with the*

*intent to deceive plaintiff or made recklessly without knowledge of the facts that the said automobile was in A–1 condition when defendants knew or had reason to know, that the automobile was particularly susceptible to loss by reason of fire and with this knowledge, defendants warranted the automobile to plaintiff by written warranty for 12 months or 12,000 miles, whichever occurs first, the entire vehicle, except tires and that any part of the vehicle manufactured or supplied by Chrysler Corporation except tires,* found defective in material or workmanship will be repaired or replaced by an authorized Chrysler Motor Corporation dealer at his place of business without charge for parts or labor, *and that at the time defendants made said warranty to plaintiff they knew that in the event of fire that they would not replace said automobile and that defendants would instruct the plaintiff to call on his own insurance company to replace said automobile.*

"Plaintiff avers that said representations were false and that defendants never intended to fulfill them when they were made and they were made to induce plaintiff to purchase said automobile; that plaintiff relied on said representations, believing them to be true, and that on January 5, 1970, plaintiff purchased from the defendant, Jim Preuitt Chrysler-Plymouth, Inc., the foregoing described automobile.

"Plaintiff avers that said automobile was not in A–1 condition and defendants knew said automobile was not in A–1 condition at the time they sold it to plaintiff and defendants did not in fact intend to repair or replace any parts found defective in material or workmanship and that defendants never intended to fulfill these promises when they were made, and on or about to-wit: January 11, 1970, said automobile, having been driven less than 150 miles, exploded and burned due to a defect in materials or workmanship while being driven by

plaintiff along a public street in the City of Childersburg, Talladega County, Alabama, *and upon being given notice by plaintiff that said automobile had exploded and burned, defendants refused to repair or replace the automobile which was within the warranty of twelve months or twelve thousand miles, and that since defendants have refused to comply with said warranty, the plaintiff has lost his automobile,* for which plaintiff claims damages as aforesaid, and plaintiff also claims punitive damages."

The first emphasized portion of Count Four–A alleges a distinct cause of action based upon the misrepresentation by defendants that the automobile was in A–1 condition. This cause of action, a tort, accrued when plaintiff discovered that the automobile was not in the condition as represented to him.

The second emphasized portion of the first paragraph of Count Four–A alleges another distinct cause of action—that defendants made a warranty to repair or replace the automobile when they knew that in the event of fire that they would not replace it, but leave the plaintiff to collect from the insurer against fire. This second cause of action could accrue only when and if a fire occurred.

There would be separate defenses to the two causes of action. No knowledge on the part of defendants would be a defense to the misrepresentation of the automobile's condition charged in the first cause of action. But knowledge would be no defense to the second cause of action because it was alleged that the defendants had no intention of honoring the warranty in case of fire.

The final emphasized portion of Count Four–A at the conclusion of the last paragraph charges on breach of warranty, an action ex contractu.

■ "Our rule of pleading does not sanction uniting two separate and distinct tort actions in the same count," and such a

count is demurrable for duplicity of causes of action in the same count. Clikos v. Long, 231 Ala. 424, 165 So. 394, and cases there cited.

Distinct causes of action growing out of the same transaction may be united in different counts of the complaint, but not in the same count. Tit. 7, §§ 219, 220; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640; Sloss-Sheffield Steel & Iron Co. v. Payne, 192 Ala. 69, 68 So. 359; Southern Railway Co. v. McIntyre, 152 Ala. 223, 44 So. 624. We have shown where there is more than one distinct cause of action alleged in Count Four–A.

The joining of an action ex delicto (here, fraud and misrepresentation) and one ex contractu (on the warranty) in one count is not permitted "even under our liberal statutory rule permitting all actions ex delicto to be joined in the same suit with actions ex contractu arising out of the same transaction or relating to the same subject matter." Tit. 7, § 220, Code 1940; Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893; Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473.

■ The demurrers of defendants raised these questions and the trial court erred in overruling the demurrers to Count Four–A.

The trial court instructed the jury that if the issues were found in favor of the plaintiff the form of the verdict would be: "We the jury find the issues in favor of the plaintiff and assess his damages at $——." Defendant Preuitt excepted, stating that the jury "could render against one defendant and for the other defendant or against both, but not necessarily against both defendants." The trial court did not change the form of the verdict.

Title 7, § 139, Code 1940, provides:

"When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."

In Lovelace v. Miller, 150 Ala. 422, 43 So. 734, this court quoted the following from earlier cases:

"'In actions of tort, it is competent for the jury to find one of the parties guilty, and another not guilty. It may turn out, also, that there may be no evidence conducing to show the guilt of one of the defendants, while as to the others there may be a strong case made out.'"
* * * "'This action is joint and several. It was with the jury to say that both the defendants were guilty, or that neither was, or that either one was.'"

■ Injury arising from the concurring negligence of joint tort-feasors, whether they act together or independently, may be redressed by joint or several action. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7; Chambers v. Cox, 222 Ala. 1, 130 So. 416.

Appellant Preuitt argues that the jury was never given an opportunity, if they found for plaintiff, to return a verdict against Chrysler only or against Preuitt only; but the form of the verdict automatically was against both even if the jury found only one of them liable.

Appellee answers in brief that Tit. 7, § 139, is the general rule but "there is an exception to this general rule which arises when the duty on the part of the defendants to act arises out of a contract where both defendants are parties to the contract." He quotes the following from Jim Walter Corp. v. Gilbert, 47 Ala.App. 376, 255 So.2d 46, " * * * A joint cause of action was charged in the complaint. A joint cause of action was required to be proved. The defendants were jointly liable or not at all. A judgment could not be rendered against one and not the other." Appellee concludes this section of the brief as follows: "We respectfully submit that since this is a tort wherein the duty to act arose from a contract, it represents an ex-

ception to the general rule under the authority of the cases above outlined."

Once again, we have the confusion of actions ex delicto and ex contractu in a single count. The plaintiff says this is a tort action. The trial court charged the jury that it was a tort action. Both stated that it was based on Tit. 7, § 108. But it actually turns on whether there was a breach of the warranty given to appellee when he purchased his new car. The inclusion of an action on tort and an action on contract in the same count is confusing and we do not attempt to decide which rule as to the form of verdict should have been followed under the improper Count Four–A.

■ We do point out a few failures in the proof. We find no proof in the record of the allegations (1) that either of the defendants "knew or had reason to know that the automobile was particularly susceptible to loss by reason of fire"; (2) that Chrysler represented to plaintiff that "the said automobile was in A–1 condition" or that Chrysler "knew said automobile was not in A–1 condition at the time they sold it to plaintiff" (Preuitt, not Chrysler, sold the car to plaintiff for cash), and there was no evidence that either Chrysler, Preuitt or Preuitt's salesman knew of any defect in the car "at the time they sold it to plaintiff" and there is no proof of the allegation that "defendants refused to repair * * * the automobile."

The representation that the "automobile was in A–1 condition" was not in the warranty but was descriptive of the language of Preuitt's salesman to appellee prior to the sale. The salesman was the only person at Preuitts with whom appellee had dealings prior to the consummation of the sale. The term "A–1 condition" was not in the warranty.

Thus, the proof of misrepresentations was based upon an oral statement of the salesman, over whom Chrysler had no control, and Chrysler's warranty, of which appellee agreed he had only read the first few lines.

In view of these failures of proof and variances between the allegations and proof, the trial court erred in failing to give the requested affirmative charges requested by each of the defendants.

■ During closing argument, counsel for appellee stated to the jury:

"This is what this lawsuit is about. Let me tell you something about this corporation, lady and gentlemen. They keep talking about Mr. Preuitt, Mr. Preuitt, Mr. Preuitt. Jim Preuitt, as an individual, is not being sued. We have got two corporations here in this case. Jim Preuitt Chrysler Corporation and the Chrysler Corporation in Detroit. Think just a minute about what a corporation is, if you will.

"You are people, I am people, Mr. Hassell is people. You have got blood running through your veins and you have got a heart beating. If you stick your finger, you bleed. One of these days, it may be tomorrow or it may be years from now, but you are every one going to die. I'm going to die and Mr. Hassell is going to die."

Here, an objection was overruled and exception noted:

"MRS. LOVE: And lady and gentlemen, when you die and when I die, we are going to face the same Maker. We are going to answer for what we did on this earth. I'm going to answer for what I did. Let me tell you something, lady and gentlemen. A corporation has no heart, it has got no soul. It has got no fear of Hell and Damnation in the hereafter.

"MR. SIMPSON: Your Honor, we object to that, that is highly prejudicial, it is intended for the purpose of making this jury believe that the standard of

justice is different for corporations and a person.

"THE COURT: It is sustained. The Court feels that is far afield."

This argument was improper, highly prejudicial and was not relevant to any issues in the case. A corporation is entitled to fair and equal treatment if it is a party to litigation. In Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 So. 202, this court, per Stone, C. J., held that a reference to the defendant as "this soulless corporation" in concluding argument of counsel was "objectionable, and the court erred in not arresting that line of· argument, when thereto requested."

The language of Gardner, C. J., in F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534, is applicable here:

"* * * One of the highest functions of our courts, organized as they are for the fair and impartial administration of justice, is 'to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box.' Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130."

A corporation in its relations to the public is represented and can act only through its duly authorized servants, agents or employees. Alabama Music Co. v. Nelson, 282 Ala. 517, 213 So.2d 250; United States Fire Ins. Co. v. Hodges, 275 Ala. 243, 154 So.2d 3. It is axiomatic that any act of commission or omission by a corporation is performed by human beings.

Our discussion of the point of argument of counsel is designed for guidance in the event of another trial.

Appellee's motions to strike the briefs of each of the appellants for non-compliance with Supreme Court Rule 9 are overruled.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.