Appellants present four issues which they claim warrant reversal of a judgment in the amount of $750,000. We will discuss only two of those issues. They are:
(1) whether final arguments by plaintiff's counsel that the corporate defendant "doesn't have a soul, it has a board of directors," is so highly prejudicial as to warrant reversal; and
(2) whether it constituted prejudicial error to admit, over objection, hearsay evidence concerning defendant's prior acts of negligence.
Marcvtia Larvet Nall, then a three-year-old child, was severely injured when she was struck by an automobile driven by the defendant, Charles Ricky Gordon, who, at the time of the accident, was acting within the scope of his employment as an insurance agent for defendant National Life Accident Ins. Co. The accident occurred in front of the plaintiff's home on a residential street in Tuscumbia.
Plaintiff sued by and through her father for damages resulting from the negligence and/or wantonness of the defendants. The jury rendered a verdict for the plaintiff in the amount of $750,000 and the judge entered the judgment in that amount. The defendants appeal the court's denial of a motion for new trial.
 I
During the plaintiff's final arguments to the jury, the following transpired:
"(Mr. Clement began his closing argument).
 "MR. GONCE: We want to object to this argument, it is certainly illegal and prejudicial argument.
"BY THE COURT: Overruled.
 "MR. CLEMENT CONTINUES: It doesn't have a heart, it doesn't have a soul, it has a board of directors.
 "MR. GONCE: May it please the Court, I want to renew my objection on the grounds that's illegal and prejudicial argument and we move to exclude it.
"BY THE COURT: Overruled." *Page 587 
It has long been the law of this state that references to a corporate entity as "soulless" in arguments to the jury are "objectionable" and "prejudicial."
In the case of Commercial Fire Ins. Co. v. Allen, 80 Ala. 571,1 So. 202 (1886), the trial court permitted plaintiffs' counsel in his concluding argument to say "that the ancestry . . . of plaintiffs were well known to counsel, and to everyone else who had lived in the community with them; that their honor, integrity, honesty and truthfulness, and that of their descendants, had never been called in question until thissoulless corporation . . . had charged one of their descendants . . . with falsehood, fraud and misrepresentation in procuring the policy of insurance in this case." (Emphasis added) (80 Ala. at 573, 1 So. at 204).
The Supreme Court said:
 "The remarks of counsel in the concluding argument were objectionable, and the Court erred in not arresting that line of argument, when thereto requested . . ." (80 Ala. 579, 1 So. at 208).
Similarly, in Chrysler Corporation v. Hassell, 291 Ala. 267,280 So.2d 102 (1973), plaintiff's counsel made the following argument:
 ". . . A corporation has got no heart, it has got no soul. It has got no fear of Hell and Damnation in the hereafter."
This Court noted that, "[t]his argument was improper, highly prejudicial and was not relevant to any issues in the case. A corporation is entitled to fair and equal treatment if it is a party to litigation."
This is an accurate statement of the law and should be followed in this case. Such argument serves no purpose but to inflame the jury to the prejudice of a party that happens to be a corporation. See also, 75 Am.Jur.2d Trials § 288. In view of the extent of the injuries in this case, this Court considered whether to apply Rule 45 (ARAP), but we cannot, in good conscience, conclude that the improper argument did not affect prejudicially the rights of the corporation to a fair and impartial trial. In this case, the application of Rule 45 is inappropriate because the trial court did not arrest the argument, or seek to cure its prejudicial effect.
 II
The second ground appellant urges for reversal of the judgment is that the trial court failed to exclude the hearsay evidence.
The following is from the transcript:
 "MR. CLEMENT CONTINUES: Did you hear a conversation between Hester Hampton and Charles Ricky Gordon some days before this accident happened?
"A. Yes, I did.
"Q. What was said?
 "MR. GONCE: May it please the Court, at this time I want to object on the grounds that it's hearsay, it's too remote from the time of the accident; in fact, the time is not stated when it occurred; it's immaterial to any issues in this case and prejudicial.
 "BY THE COURT: All right, overrule objection. Was this conversation about a week before — is that right?
"A. Yes.
 "BY THE COURT: All right, go ahead and tell what you heard.
 "A. She said, that you are going to keep running — the way you are driving up here you are going to keep on running until you are going to hit somebody, run over somebody up here. And he said, no, I'm not going to hit no one, I ain't going to run over nobody.
 "MR. O'BANNON: All right, now may it please the Court, at this time we move to exclude it on the grounds that it's hearsay, the defendant was not present; it's too remote in time and has no bearing on any issues in this case.
"BY THE COURT: Overrule the motion."
Before this testimony was introduced, the trial judge had excluded the jury from the courtroom and considered the admissibility of such evidence at a bench conference. *Page 588 
Counsel for the plaintiff argued that the hearsay evidence was admissible: first, to show the habit of the defendant; and second, to show that the defendant had been warned, or put on notice, of his allegedly wanton conduct. Defense counsel countered that the evidence constituted inadmissible hearsay, and was too remote to constitute a warning of the acts of negligence or wantonness which allegedly caused the injury in this case. We agree with defendants' counsel.
It is well settled that evidence of previous acts of negligence is inadmissible to show negligence on the part of a party on the subject occasion. Dean v. Johnston, 281 Ala. 602,206 So.2d 610 (1968); Alaga Coach Line v. McCarroll, 227 Ala. 686,151 So. 834, 92 A.L.R. 470 (1933).
The conversation referred to by the testimony took place at least one week prior to the accident, involved an entirely different location, and was inadmissible in that it led to a consideration of collateral issues having no bearing on the driver's negligence on the occasion complained of. We also find that the statement was not admissible as a warning. In Cherryv. Hill, 283 Ala. 74, 214 So.2d 427 (1968), this Court opined that the plaintiff should have been permitted to show by a witness that pedestrians habitually crossed the highway at the point where the accident occurred. The evidence was permitted on the question of whether the defendant there had notice that pedestrians made a habit of crossing a road where the accident in that case occurred. In the instant case, the statement was nothing more than that the defendant was negligent on a prior occasion. This type of "warning" is too remote to be admissible, especially in view of the rule that previous acts of negligence are inadmissible.
We conclude that the admission of the evidence constitutes reversible error. For the same reasons as outlined above, the trial court should have excluded the similar testimony of Cleta Morris.
We deem it unnecessary to discuss the two additional issues raised by the appellant.
The judgment is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, ALMON, SHORES and EMBRY, JJ., concur.
FAULKNER, J., concurs in Part I, but dissents as to Part II.
JONES and BEATTY, JJ., concur in the result.