PER CURIAM.
Kenneth Meadows, as administrator of the estate of his father, John H. Meadows, sued Ridgeview Health Care Center, Inc. (“Ridgeview”), a nursing home in Jasper, Alabama, alleging negligence, wantonness, and breach of contract in the death of his father, who was a resident of the facility when he died. John Meadows was found bleeding on the floor behind his bed, and he died after being transferred to Walker Regional Medical Center. Following an autopsy, the immediate cause of death was listed as bilateral adrenal hemorrhage as a result of a blunt trauma. Kenneth Meadows alleged in his complaint that his father’s death resulted from an assault by his father’s roommate at Ridgeview.
The jury returned a verdict against Ridgeview in the amount of $2,000,000. Ridgeview appeals from that judgment, as well as from the trial court’s denial of its motion for a J.N.O.V. or, in the alternative, a new trial or remittitur.
One of the bases for Ridgeview’s motion for new trial was a comment by Meadows’s attorney during closing argument that Ridgeview had no conscience:
“MR. KING [Meadows’s attorney]: Now, what do you do in a case like this? We believe that the Judge is going to say to you that corporations are like people under the eyes of the law in Alabama; they’re to be treated like people. There is, however, a difference between a person and a corporation. There may be several differences. There are at least two that come to my mind. A corporation cannot be sentenced to prison and that’s not asked for here. This is the Alabama Wrongful Death Act, [a] specific act for preserving and protecting human life and deterring others from doing it again in the future. The other difference of a corporation is [that] corporations, unlike people, have no conscience—
“MR. JACKSON [Ridgeview’s attorney]: Now, Your Honor, I object to that because that is calculated to arouse the sympathy and the prejudice and bias against this defendant. And Your Hon- or, I understand, is going to instruct about that. The jury has said that they won’t let that interfere with their deliberations and I object to Mr. King trying to incite a sympathetic or a prejudicial approach in this case, that they are without conscience, that’s not a proper argument.
“THE COURT: Overruled.
“MR. KING: This law is a means of providing persons who have lost someone—
“MR. JACKSON: ... [E]xcuse me, I hate to interrupt you, but I ask for a mistrial on the basis of Your Honor’s rule.
“THE COURT: Deny your motion.”
(Emphasis added.)
Ridgeview argues that this comment was so highly prejudicial and inflammatory that it warrants a new trial. In Gordon v. Nall, 379 So.2d 585 (Ala.1980), this Court reversed a $750,000 judgment for the plaintiff based on her attorney’s remark during final argument that the defendant company “doesn’t have a heart, it doesn’t have a soul, it has a board of directors.” In discussing that comment, this Court stated:
“Such argument serves no purpose but to inflame the jury to the prejudice of a party that happens to be a corporation. See, also, 75 Am.Jur.2d Trials § 288. In view of the extent of the injuries in this case, this Court considered whether to apply Rule 45 [A.R.App.P.], but we cannot, in good conscience, conclude that the improper argument did not affect preju-dicially the rights of the corporation to a fair and impartial trial. In this case, the application of Rule 45 is inappropriate because the trial court did not arrest the argument, or seek to cure its prejudicial effect."
379 So.2d at 587 (emphasis added).
Similarly, in Southern Life & Health Ins. Co. v. Smith, 518 So.2d 77 (Ala.1987), this Court affirmed a $35,000 punitive damages award and a remittitur of all but $86.51 of a $30,000 compensatory damages award in a fraud case. Southern Life argued that the following comment by Smith’s attorney mandated reversal:
*245 “ ‘A corporation, like I said, is a legal entity ..., but it’s not a human being. It has no conscience.
“ 'The only way you can punish a corporation is through monetary damages.’ ”
518 So.2d at 80. Even though the judgment in Southern Life & Health Ins. Co. v. Smith, supra, was ultimately affirmed, this Court said the following regarding the impropriety of the comments in that case:
“Certainly the argument in the present case that a corporation has no ‘conscience’ is as improper, as highly prejudicial, and as irrelevant to the issues in the case as was an argument that a corporation does not have a heart or a soul or fear of ‘Hell and Damnation in the hereafter.’ [See Chrysler Corp. v. Hassell, 291 Ala. 267, 280 So.2d 102 (1973).] ‘Conscience’ is defined in the American Heritage Dictionary of the English Language (1969) as ‘[t]he faculty of recognizing the distinction between right and wrong in regard to one’s own conduct.’
“In the case at issue, Smith’s argument was improper, highly prejudicial, and irrelevant to the issues and would have required us to reverse and remand if Southern Life’s objection had been overruled.
“However, the trial court sustained Southern Life’s objection. Southern Life moved for a mistrial. The trial court denied the motion and offered to give the jury curative instructions. This was waived by Southern Life. The record shows no other action in regard to this ‘improper and highly prejudicial’ argument.”
518 So.2d at 81 (emphasis added).
Citing Southern Life & Health Ins. Co. v. Smith, supra, we held in United American Ins. Co. v. Brumley, 542 So.2d 1231, 1238 (Ala.1989), that the trial court “eradicated any harmful and prejudicial impact of the remark by [the plaintiff’s] lawyer.” That remark was: “ ‘Ladies and gentlemen, a corporation can’t be put in jail because it doesn’t have a soul.’ ” 542 So.2d at 1237. The trial court sustained United American’s objection to the remark and told the jury to disregard it. We affirmed the trial court’s denial of United American’s motion for a new trial because of the “corrective actions” the court took in instructing the jury and telling it to disregard the comment. Here, the trial judge overruled Ridgeview’s objection and gave no curative instructions when he denied Ridgeview’s motion for a new trial.
Based on the foregoing, we hold that the remark by Meadows’s attorney was highly prejudicial, that Ridgeview’s objection to it should have been sustained, and that the trial judge should have instructed the jury to ignore it.
“When an improper argument is made and the trial judge overrules an objection and fails to instruct the jury as to that impropriety or direct that the argument is to be disregarded, ‘the test upon appeal is not that the argument did unlawfully influence the jury, but whether it might have done so.’ ”
Young v. Bryan, 445 So.2d 234, 238 (Ala.1983) (citations omitted) (emphasis added).
Under the facts here, particularly the circumstances of the decedent’s death, we find that the comment by Meadows’s attorney very possibly unlawfully influenced the jury. Therefore, the judgment is reversed and this case is remanded for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.